**Jason BURKETT, Appellant,**

v.

**W. T., Appellee.**

No. 09A–02–0604–JV–359.

Court of Appeals of Indiana.

Dec. 7, 2006.

---

Jason Burkett, Carlisle, IN, Appellant pro se.

## OPINION

MATHIAS, Judge.

Jason Burkett ("Burkett") filed a petition in Cass Circuit Court for visitation to his minor son. His petition was denied and Burkett appeals pro se. Concluding that Burkett is entitled to a hearing on his petition pursuant to Indiana Code section 31–14–14–1, we reverse and remand for proceedings consistent with this opinion.

### Facts and Procedural History

Burkett is currently incarcerated in the Wabash Valley Correctional Facility. In 2004, Burkett was convicted in Cass Superior Court of two counts of Class B felony rape, Class B felony sexual deviate conduct, Class D felony sexual battery, and Class D felony criminal confinement. Burkett was ordered to serve an aggregate sentence of forty years in the Department of Correction. *See Burkett v. State,* No. 09A02–0410–CR–883, Slip op. at 5, 825 N.E.2d 56 (Ind.Ct.App. March 28, 2005).

On June 10, 2005, Burkett filed a petition for visitation with his minor son, D.B. It appears that the victim of the offenses for which Burkett is incarcerated is also the mother of Burkett's son. The trial court denied Burkett's petition without holding a hearing. Burkett now appeals.

### Standard of Review

■ Mother has not filed an appellee's brief in this case. Where the appellee fails to file a brief on appeal, we may in our discretion reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *See McGill v. McGill,* 801 N.E.2d 1249, 1252 (Ind.Ct. App.2004). This rule relieves us of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. *Id.*

### Discussion and Decision

■ The trial court denied Burkett's petition based on our court's decision in *Jane Doe v. Donahue,* 829 N.E.2d 99 (Ind.Ct. App.2005), *trans. denied.* Burkett contends that the *Jane Doe* decision is inapplicable to this case, and that the trial court

erred when it failed to hold a hearing on his petition for visitation.

In *Jane Doe,* our court addressed the constitutionality of a Department of Correction executive directive, which "restricts offenders who have been convicted or adjudicated of certain sexual offenses from receiving visitors under the age of eighteen." *Id.* at 103. As Burkett correctly notes in his brief, this directive applies only to offenders who have been convicted of a sex offense involving a minor. *Id.*

From the record before us, it does not appear that Burkett has been convicted of a sex offense involving a minor. Moreover, the trial court's order denying Burkett's petition does not establish that Burkett has ever been convicted of such an offense. Accordingly, we agree with Burkett's assertion that the trial court's reliance on *Jane Doe* in denying his petition is misplaced.

■ Next, we address Burkett's argument that the trial court was required to hold a hearing on his petition. Indiana Code section 31–14–14–1 provides in pertinent part:

> A noncustodial parent is entitled to reasonable parenting time rights unless the court finds, *after a hearing*, that parenting time might: (1) endanger the child's physical health and well-being; or (2) significantly impair the child's emotional development.

Ind.Code § 31–14–14–1 (1998 & Supp. 2006) (emphasis added).

In light of the offenses Burkett committed against D.B.'s mother, the trial court may well find after a hearing that allowing Burkett visitation with D.B. would either endanger D.B.'s well-being or significantly impair his emotional development. However, under the plain language of Indiana Code section 31–14–14–1, Burkett is entitled to an evidentiary hearing. We therefore reverse and remand this case to the trial court to conduct an evidentiary hearing on Burkett's petition.

Reversed and remanded for proceedings consistent with this opinion.

KIRSCH, C. J., and SHARPNACK, J., concur.