In re the PATERNITY OF: N.C.
Michael J. Casteel, Appellant–
Respondent,

v.

Tamala Cannon, Appellee–Petitioner.

No. 20A04–0802–JV–99.

Court of Appeals of Indiana.

Sept. 22, 2008.

Michael J. Casteel, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Respondent, Michael J. Casteel (Casteel), appeals the trial court's determination of his child support obligation.

We affirm.

for denying the injunction—that Murat has an    adequate remedy at law.

## ISSUES

Casteel raises two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion in calculating his child support obligation in light of our supreme court's decision in *Lambert v. Lambert*, 861 N.E.2d 1176 (Ind. 2007); and

(2) Whether the trial court erred in determining that Casteel has a no-contact order with his minor child.

## FACTS AND PROCEDURAL HISTORY

In May of 1996, Casteel executed an "Indiana State Department of Health Vital Records Affidavit of Legitimation," acknowledging he is the natural father of a minor child, N.C., born on March 6, 1992. (Appellant's App. p. 5). At that time, no provision was made for child support. On January 18, 1998, Casteel became incarcerated. While incarcerated, he earns approximately $25.00 per month from his prison job. His scheduled release date is December 26, 2014.

N.C.'s Mother is a recipient of the Elkhart County Title IV–D Child Support Program. On October 23, 2007, the Elkhart County Title IV–D office filed a petition for entry of child support and health insurance against Casteel. On December 14, 2007, after conducting a telephonic hearing in which Casteel participated, the trial court ordered Casteel to pay $6.00 a month in child support.

Casteel now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Child Support*

Casteel first contests the trial court's determination of his child support obligation in the amount of $6.00 per month. Specifically, he claims that the trial court's child support order is "excessive and vindictive" and "contrary to the non-imputation approach discussed in *Lambert [v. Lambert*, 861 N.E.2d 1176 (Ind.2007) ]." (Appellant's Br. p. 5).

Decisions regarding child support generally rest within the sound discretion of the trial court. *Decker v. Decker*, 829 N.E.2d 77, 79 (Ind.Ct.App.2005). We reverse such a determination only if there has been an abuse of discretion or the trial court's determination is contrary to law. *Id.* We do not revisit weight and credibility issues but confine our review to the evidence while reasonable inferences favorable to the judgment are considered. *McGill v. McGill*, 801 N.E.2d 1249, 1251 (Ind.Ct.App.2004).

In *Lambert*, our supreme court was faced with the issue of how to calculate an initial child support order when a minor child's parent is incarcerated. *Lambert*, 861 N.E.2d at 1177. When Lambert and his former wife were about to be divorced, it was already apparent that Lambert was headed to prison. *Id.* at 1176. As part of the provisional order, Lambert agreed to pay $277 per week in child support. *Id.* After the provisional order took effect, but before the final hearing on the dissolution of marriage, Lambert was convicted of two Counts of "improper and inappropriate physical contact" with children and sentenced to a period of incarceration. *Id.* at 1177. At the time of the final hearing, Lambert was in jail earning virtually nothing. *Id.* Still, the final divorce decree ordered that he continue to pay the $277 in weekly child support. *Id.* Our supreme court concluded that "in determining support orders, courts should not impute potential income to an imprisoned parent based on pre-incarceration wages or other employment-related income, but should rather calculate support based on the actu-

al income and assets available to the parent." *Id.*

In its analysis, our supreme court focused on an approach that would most likely produce support while at the same time underwrite the overarching policy goal of protecting the child's best interest. *Id.* at 1179. As such, the court emphasized that the child support system is not meant to serve a punitive purpose. *See id.* Rather, the system is an economic one, designed to measure the *relative contribution* each parent should make—and is capable of making—to share fairly the economic burdens of child rearing. *Id.* (emphasis added).

Here, the record reflects that Casteel informed the trial court that he earned $25.00 per month, or $6.25 per week, from his prison job. While the trial court considered this income, it also investigated whether he had any other outstanding child support orders. Casteel advised the trial court that all the children are over the age of 19 and self-supporting. Even though Casteel mentioned that his second wife still had a seventeen year old child, it is unclear whether Casteel is this child's father. Furthermore, there is no evidence in the record that the trial court imputed any income to Casteel as a base for its calculation of his child support obligation; rather the trial court took Casteel's relative assets into consideration when setting the support obligation. As such, we conclude that the trial court did not abuse its discretion in imposing a child support obligation of $6.00 per month.[1]

## II. *No Contact Order*

Next, Casteel argues that the trial court erred in determining at the child support hearing that the criminal court had issued a no-contact order with N.C. as part of his sentencing. We find that Casteel misconstrues the record. The trial court never made a finding that a no-contact order existed. Rather, responding to an inquiry made by N.C.'s Mother, the trial court stated that it could not attach a no-contact order to the child support order and that if a no-contact order existed, it would be part of the criminal court's sentencing. The trial court directed Mother to the warden at Miami Correctional Facility for more information.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in calculating Casteel's child support obligation and did not determine that a no-contact order with Casteel's minor child existed.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.

---

1. We note that the *Lambert* court also stated that a trial court can order an increased support payment as soon as the incapacity caused by prison is removed from a non-custodial parent's ability to earn income. *Lambert,* 861 N.E.2d at 1182.