**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Apr 24 2013, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI B. SCHMELTZER**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**JONATHAN R. DEENIK**
**MONTY K. WOOLSEY**
Cross, Pennamped, Woolsey & Glazier, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE MARRIAGE OF:          )
                                )
LISA C. MEDLEY,                 )
                                )
    Appellant-Petitioner,       )
                                )
    and                         )    No. 49A04-1205-DR-223
                                )
FREDERICK A. MEDLEY,            )
                                )
    Appellee-Respondent.        )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David Shaheed, Judge
The Honorable Victoria Ransberger, Magistrate
Cause No. 49D01-0606-DR-22463

**April 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Lisa C. Medley (Mother) appeals the trial court's order granting a motion by Frederick A. Medley (Father) to modify child support and to address other issues regarding their children N.M. and C.M..  She presents four issues on appeal:

1.   Whether the trial court erred when it granted Father's requests to enroll the children in sports, change the location of exchanges, have input into selection of a tutor, and require Mother to directly provide Father a sufficient supply of children's medication;

2.   Whether the trial court erroneously calculated Father's child support obligation;

3.   Whether the trial court erred when it found Mother in contempt for claiming the children as tax exemptions and for interfering with Father's parenting time; and

4.   Whether the trial court erred when it allowed Father to claim C.M. as an exemption on his taxes.

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

The parties were married on August 17, 2002, and divorced on January 11, 2007. Two children were born of the marriage, N.M. and C.M.  The parties' dissolution decree awarded Mother sole legal and physical custody of the children, and it gave Father parenting time pursuant to the Indiana Parenting Time Guidelines.

On October 7, 2010, Father petitioned for modification of child support because he

lost his job. On April 5, 2011, Father petitioned to modify custody and to have Mother held in contempt for interfering with his parenting time. Then, on June 21, 2011, Father moved to dismiss his petition to modify custody and asked for a hearing on contempt and child support. The trial court held a hearing on March 19, 2012, and issued an order on April 11, 2012.

## DISCUSSION AND DECISION

The trial court *sua sponte* made findings of fact and conclusions of law. When a trial court makes findings of fact and conclusions of law *sua sponte*, our standard of review is well-settled:

> [T]he specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial.
>
> We apply the following two-tier standard of review to *sua sponte* findings and conclusions: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility.

*Trust No. 6011, Lake County Trust Co. v. Heil's Haven Condominiums Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012).

Appellate courts give considerable deference to the findings of the trial court in family law matters. *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940-41 (Ind. 2005). We recognize the trial judge "is in the best position to judge the facts, to get a feel for the family dynamics, to get a sense of the parents and their relationship with their children -- the kind of

3

qualities that appellate courts would be in a difficult position to assess." *Id*. Appellate

decisions that modify the trial court's decision are especially disruptive in the family law

setting. *Id*.

1.    Custodial Issues

Regarding custodial issues, the trial court found:

> 6.    Father shall be entitled to enroll each child in one sport per season at his sole expense. Mother shall make the children available to Father to take to their activities if they fall during Mother's parenting time and Mother is not willing to transport them in a timely fashion.
> 7.    Mother is ordered to provide Father directly with sufficient medication to provide to the children during Father's parenting time. Both parties are ordered to return all ADHD related medication directly to the other party. Neither parent shall permit either child to transport any prescription medication that is a controlled substance.
> 8.    Each party is ordered to provide the other party with advance notice of non-emergency medical appointments and to promptly advise the other of changes in any prescription medication for either child.
> * * * * *
> 10.    Mother is ordered to sign all documents necessary to allow the children to ride the school bus home to Father's house so long as Father is available as they arrive from school.
> 11.    The Court orders the parties to equally divide any mutually agreed upon tutoring costs for the children.
> 12.    Mother shall pick-up the children from Father's house and Father shall pick-up the children from Mother's house. Neither party shall enter the other's home. If at all possible, each party shall remain in his or her own vehicle when picking up the children from the other parent's home. Each parent has an affirmative duty to promptly send out the children when the other party arrives for an exchange. No exchanges shall take place at the child's maternal grandmother's home.

(App. at 20-1.) On appeal, we are unable to reweigh evidence or judge the credibility of

witnesses. *Trust No. 6011*, 967 N.E.2d at 14. During trial, Father presented evidence that,

on more than one occasion, Mother did not timely transport the children to athletic practices

4

and the parties did not agree regarding children's involvement in sports. Mother testified to the contrary.

> On appeal, Mother argues:
>
> The trial court erred and usurped [Mother's] authority to make decisions in the children's best interest[s] when it ordered specific provisions with respect to sports, school, locations of exchanges and medical issues, where there was insufficient evidence [Mother] was not considering the best interests of the children in making these decisions, nor any findings to substantiate that [Mother] was not fit to act as [sole legal custodian] in the best interests of the children.

(Br. of Appellant at 13.) Further, Mother argues the trial court's order awarding Father the ability to enroll the children in sports, participate in children's medical decisions, and have more parenting time with children interferes with her constitutional right to raise the children. She made no such argument at trial and presented no such evidence. As she presents this argument for the first time on appeal, it is waived. *See In re K.S., D.S., B.G., and J.K.*, 750 N.E.2d 832, 834 n.1 (Ind. Ct. App. 2001) (issue presented for the first time on appeal is waived).

> 2.      Calculation of Father's Child Support Obligation

The standard of review for child support awards is well settled. *McGill v. McGill*, 801 N.E.2d 1249, 1251 (Ind. Ct. App. 2004). We begin with the understanding that support calculations are made utilizing the income shares model set forth in the Indiana Child Support Guidelines. *Id.* These Guidelines apportion the cost of supporting children between the parents according to their means. *Id.* A calculation of child support under the Guidelines is presumed valid. *Id.* Therefore, we will not reverse a support order unless the

determination is clearly against the logic and effect of the facts and circumstances. *Id.* When reviewing a child support order, we do not assess credibility or re-weigh evidence; we confine our review to the evidence and reasonable inferences therefrom favorable to the trial court's decision. *Id.*

Mother argues the trial court erred when it ordered Father to pay $50.00 to Mother in child support because "he failed to submit a Child Support Worksheet, or any other proof of his actual income." (Br. of Appellant at 22.) We disagree.

Regarding child support, the trial court found:

> 1.    Father's petition to modify child support is granted as of October 7, 2010, the date Father filed his petition to modify child support.
>
> * * * * *
>
> 3.    Father's present weekly child support obligation shall be $50.00 per week . . .
>
> 4.    Father shall advise Mother once he receives full time employment and the Court shall not require Mother to wait one year to modify child support in the event Father obtains full time employment less than one year from the date of this Order. Father shall provide Mother with a copy of his employment contract within seven days of receipt or a copy of his first paystub within seven days of receipt if he is not provided an employment contract or other documentation defining the scope of his compensation.

(App. at 19.) Contrary to Mother's assertions, Father presented two different child support worksheets to the court – one calculating his child support obligation based on the amount he received while on unemployment, and the other calculating his support obligation based on the amount he approximated he could make if employed. Father also testified regarding his income as a day trader, his job search, and the reasons the court should impute to him a yearly salary of $40.000.00. The record indicates the trial court based its child support

6

determination on the evidence presented. Therefore, we affirm.[1]

### 3. Contempt Findings

Regarding a finding of contempt, we have found:

> In order to be held in contempt for failing to comply with a court order, a party must have willfully disobeyed the order. The order must have been so clear and certain that there could be no question as to what the party must do, or not do, and so there could be no question regarding whether the order is violated. A party may not be held in contempt for failing to comply with an ambiguous or indefinite order . . .

*Bandini v. Bandini*, 935 N.E.2d 253, 264-65 (Ind. Ct. App. 2010) (citations and quotation marks omitted).

### a. Parenting Time

The trial court found Mother in contempt for interfering with Father's parenting time:

> 9. Mother has interfered with Father's parenting time over 2 Christmas vacation breaks. The Court awards Father one week of make-up time during the summer of 2012. Father shall have one half of the summer parenting time plus one additional week. Father shall notify Mother by, or before, May 1, 2012 of his selected parenting time.
> 10. Mother is ordered to sign all documents necessary to allow the children to ride school bus home to Father's house so long as Father is available as they arrive from school.
> 
> \* \* \* \* \*
> 
> 15. . . . Given that Mother has . . . interfered with parenting time, as a sanction for contempt, Mother shall pay a total of $350.00 toward Father's attorney fees within 60 days.

(App. at 20-21.)

---

[1] Mother also argues the trial court erred when it found Father overpaid his child support by $4,248.81. On appeal, Mother argues Father invited error of overpayment by refusing to provide his tax returns to Mother. However, Mother did not make this argument at trial, and we cannot, therefore, consider it on appeal. *See In re K.S., D.S., B.G., and J.K.*, 750 N.E.2d at 834 n.1 (issue presented for the first time on appeal is waived).

The dissolution decree states, "[Father] shall be entitled to visitation in accordance with the Indiana Parenting Time Guidelines." (*Id*. at 25.) Indiana Parenting Time Guidelines, Section II(F)(2)(B) requires:

> The Christmas vacation shall be defined as beginning on the last day of school and ending the last day before school begins again. Absent agreement of the parties, the first half of the period will begin two hours after the child is released from school. The second half of the period will end at 6:00 p.m. on the day before school begins again.
> Each party will receive one half (½) of the total days of the Christmas vacation, on an alternating basis as follows:
> 1. In even numbered years, the custodial parent shall have the first one half (½) of the Christmas vacation and non-custodial parent shall have the second one half (½) of the Christmas vacation.
> 2. In odd numbered years, the non-custodial parent shall have the first one half (½) of the Christmas vacation and custodial parent shall have the second one half (½) of the Christmas vacation.
> 3. In those years when Christmas does not fall in a parent's week, that parent shall have the child from Noon to 9:00 P.M. on Christmas Day.
> 4. No exchanges under this portion of the rule shall occur after 9:00 p.m. and before 8:00 a.m., absent agreement of the parties.
> New Year's Eve and New Year's Day shall not be considered separate holidays under the Parenting Time Guidelines.

Father presented evidence that during Christmas Break 2011 Mother deviated from the visitation contemplated by the Indiana Parenting Time Guidelines. Mother admitted during trial she "technically" did not follow the IPTG during Christmas Break 2011. (Tr. at 177.)

Father also presented evidence Mother did not always give him the right of first refusal when she was unable to care for the Children. Section I(C)(3) of the Guidelines provides:

> When it becomes necessary that a child be cared for by a person other than a parent or a responsible household family member, the parent needing the child care shall first offer the other parent the opportunity for additional parenting time, if providing the child care by the other parent is practical considering the

8

time available and the distance between residences. The other parent is under no obligation to provide the child care. If the other parent elects to provide this care, it shall be done at no cost and without effecting [sic] child support. The parent exercising additional parenting time shall provide the necessary transportation unless the parties otherwise agree.

Mother also admitted she did not offer Father the opportunity to watch the Children after school or when she was working a second job.

Those pieces of evidence permit an inference Mother willfully disregarded the court's order to follow the IPTG. Mother's argument to the contrary is an invitation to reweigh the evidence, which we cannot do. *See Trust No. 6011*, 967 N.E.2d at 14 (appellate court will not reweigh the evidence or judge the credibility of witnesses).

      b.      <u>Tax Exemptions</u>

The trial court determined Mother was also in contempt for claiming the Children as exemptions on her 2010 and 2011 taxes: "Mother claimed both children as exemptions in both 2010 and 2011 despite Father's petitions. Given that Mother has claimed both children repeatedly despite pending petitions . . . as a sanction for contempt, Mother shall pay a total of $350.00 toward Father's attorney fees within 60 days." (App. at 21.)

We have held generally, "the custodial parent automatically receives the dependent tax exemptions for the minor children; however, the custodial parent may execute a written waiver of the exemption for a particular tax year." *Eppler v. Eppler*, 837 N.E.2d 167, 178 (Ind. Ct. App. 2008), *trans. denied*. Mother is the custodial parent, and thus is entitled to the dependent tax exemptions. Father did not introduce evidence Mother executed a written waiver of the exemptions or direct us to a court order indicating Father was entitled to an

9

exemption. Therefore, Father has not demonstrated the trial court could hold Mother in contempt for claiming children as tax exemptions on her 2010 and 2011 taxes. Accordingly, we reverse the court's finding, and remand for determination of contempt sanctions based only on Mother's indirect contempt of the parenting time order.

4.      Award to Father of Tax Exemption for C.M.

Indiana Child Support Guideline 9 recommends a trial court consider the following factors in determining whether to order a custodial parent to release a dependent tax exemption:

> (1) the value of the exemption at the marginal tax rate of each parent;
> (2) the income of each parent;
> (3) the age of the child(ren) and how long the exemption will be available;
> (4) the percentage of the cost of supporting the child(ren) borne by each parent;
> (5) the financial aid benefit for post-secondary education for the child(ren); and
> (6) the financial burden assumed by each parent under the property settlement in the case.

Ind. Code § 31-16-6-1.5 is nearly identical:

> (a) A court shall specify in a child support order which parent of a child may claim the child as a dependent for purposes of federal and state taxes.
> (b) In determining which parent may claim the child as a dependent under subsection (a), the court shall consider the following:
>> (1) The value of claiming the child as a dependent at the marginal tax rate of each parent.
>> (2) The income of each parent.
>> (3) The age of the child or children and the number of years that the child or children could be claimed as a dependent or dependents.
>> (4) Each parent's percentage of the costs of supporting the child or children.
>> (5) If applicable, the financial aid benefit for postsecondary education for the child or children.
>> (6) If applicable, the financial burden each parent assumed under the

10

property settlement in a dissolution proceeding.
(7) Any other relevant factors.

In the instant case, the trial court found, "Beginning in tax year 2012, Father shall be entitled to claim [C.M.] so long as he is in compliance per the statutory language for child support tax exemptions. Mother is ordered to sign IRS form 8332 by February 1st each year that [C.M.] is eligible to be claimed." (App. at 19.)

The trial court's order is unclear regarding why the trial court decided to award Father the dependent tax exemption for C.M., or whether the trial court considered the statutory factors. The record reveals Father was remarried, and his new wife's income put the household in a higher tax bracket. In addition, the trial court ordered Father to pay for the children's sports at his own expense, and Father was granted more parenting time. These factors seem to support the trial court's decision, but we are unable to decide the issue without more specific findings. Therefore, we remand for more specific findings with regard to this issue. *See Carpenter v. Carpenter*, 891 N.E.2d 587, 597 (Ind. Ct. App. 2008) (appellate court remanded case, instructing trial court to enter more specific findings to support its decision to award dependent tax exemptions to Father).

## CONCLUSION

Mother waived her argument the trial court erred in allowing Father to participate in decisions regarding sports participation, medical issues, location of exchanges, and tutoring. We affirm the trial court's finding of contempt against Mother based on her interference with Father's parenting time and the trial court's determination of Father's child support

11

obligation. We remand for more specific findings regarding the factors mandated by statute for deciding whether Father should be awarded a tax exemption for C.M. We reverse the trial court's finding that Mother was in contempt for claiming children as dependent exemptions on her taxes in 2010 and 2011, and we remand to the trial court for reconsideration of the contempt sanction in light of this reversal.

Affirmed in part, reversed in part, and remanded.

ROBB, C.J., and PYLE, J., concur.