

**FILED**

Apr 27 2020, 7:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Gregory Jacob
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gregory Jacob,<br>*Appellant,*<br><br>v.<br><br>Dylan Vigh,<br>*Appellee.* | April 27, 2020<br><br>Court of Appeals Case No.<br>19A-CT-2719<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Gregory L. Miller,<br>Judge<br><br>Trial Court Cause No.<br>49D03-1906-CT-25450 |

**Najam, Judge.**

## Statement of the Case

[1]  Gregory Jacob appeals the trial court's grant of Dylan Vigh's motion to dismiss Jacob's complaint against him for failure to state a claim upon which relief can be granted.  Jacob presents a single issue for our review, namely, whether the trial court erred when it granted Vigh's motion to dismiss.  We reverse and remand for further proceedings.

## Facts and Procedural History

[2] In 2014, Jacob hired Vigh to represent him in a post-conviction proceeding. Jacob paid Vigh a $10,000 retainer. After years of filing motions to continue a final hearing on Jacob's petition for post-conviction relief, including a motion to continue filed on June 12, 2018, Vigh moved to withdraw as counsel for Jacob on June 28, 2018, and the court granted that motion. To date, no hearing has been held on Jacob's petition for post-conviction relief, and Vigh has not returned any of the retainer to Jacob.

[3] In May 2019, Jacob filed a verified complaint against Vigh alleging fraud, breach of contract, breach of fiduciary duty, and "violation of the rules of professional conduct[.]" Appellant's App. Vol. 2 at 3. In his complaint, Jacob described in detail the factual basis for his claims. After two extensions of time to answer or otherwise plead, in September, Vigh moved to dismiss Jacob's complaint for failure to state a claim upon which relief can be granted under Trial Rule 12(B)(6).

[4] In his motion to dismiss, Vigh asserted that in his complaint, Jacob "essentially" alleged that Vigh had "violated certain canons of the Rules of Professional Conduct ("RPC")," that "the Supreme Court of Indiana has exclusive jurisdiction on all issues involving allegations that an attorney violated the RPC, which it has delegated to the Indiana Supreme Court Disciplinary Commission," that the trial court "has no jurisdiction to adjudicate the claims made by [Jacob] since they are based on finding that [Vigh] purportedly violated the RPC," and that Jacob's claim that Vigh "impermissibly

withdrew as his legal counsel" is a collateral attack barred under claim preclusion. *Id.* at 8. On September 10, the trial court granted Vigh's motion and dismissed Jacob's complaint. Jacob filed a motion to correct error, which the trial court denied. This appeal ensued.

## Discussion and Decision

[5] Jacob appeals the trial court's dismissal of his complaint pursuant to Trial Rule 12(B)(6). As the Indiana Supreme Court has stated:

> A 12(B)(6) motion tests the legal sufficiency of the complaint, requiring that we accept as true all facts alleged in the complaint. We review 12(B)(6) motions *de novo* and will affirm a dismissal if the allegations are incapable of supporting relief under any set of circumstances. We will also affirm the dismissal if the decision is sustainable on any basis in the record.

*Esserman v. Ind Dep't of Envtl. Mgmt.*, 84 N.E.3d 1185, 1188 (Ind. 2017) (citations and quotation marks omitted). We view 12(B)(6) motions "with disfavor because such motions undermine the policy of deciding causes of action on their merits." *McQueen v. Fayette Cty. Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), *trans. denied*.

[6] Initially, we note that Vigh has not filed an appellee's brief. Where the appellee fails to file a brief on appeal, we may, in our discretion, reverse the trial court's decision if the appellant makes a *prima facie* showing of reversible error. *McGill v. McGill*, 801 N.E.2d 1249, 1251 (Ind. Ct. App. 2004). In this context, *prima facie* error is defined as error "at first sight, on first appearance, or on the face of

it." *Orlich v. Orlich*, 859 N.E.2d 671, 673 (Ind. Ct. App. 2006).  This rule was established for our protection so that we can be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee.  *McGill*, 801 N.E.2d at 1251.

[7]     Indiana's rules of notice pleading do not require the complaint to state all elements of a cause of action, but the plaintiff must still plead the operative facts necessary to set forth an actionable claim.  *State v. Am. Family Voices, Inc.*, 898 N.E.2d 293, 296 (Ind. 2008).  Jacob asserts, and we agree, that his complaint sufficiently stated claims for relief.  In his complaint, Jacob alleged that he paid Vigh a $10,000 retainer to pursue post-conviction relief, that Vigh did not perform any work on his behalf, and that Vigh has kept the retainer.  Based on those facts, Jacob alleged claims of fraud, breach of contract, and breach of fiduciary duty, as well as violations of the Rules of Professional Conduct.

[8]     In his motion to dismiss, Vigh characterized Jacob's complaint as if it were based entirely upon purported violations of the Rules of Professional Conduct, and he alleged that such issues are the exclusive province of the Indiana Supreme Court and, thus, that the trial court did not have jurisdiction over Jacob's claims.  This court addressed that same argument, and rejected it, in *Alvarado v. Nagy*, 819 N.E.2d 520 (Ind. Ct. App. 2004).  In *Alvarado*, we acknowledged that our Supreme Court is the "exclusive arbiter of matters involving attorney discipline in this state."  *Id.* at 523.  However, we concluded that Alvarado's complaint fell "well outside" the boundaries of "attorney discipline cases" over which the Indiana Supreme Court has exclusive

jurisdiction, *Id.* at 524, and held that Alvarado had stated a claim for legal malpractice. *Id.* at 525. We described the substance of Alvarado's complaint as follows:

> Alvarado's complaint alleges that [his attorney, Sarah Nagy,] signed a contract to represent him in seeking a sentence modification. Nagy did not accomplish that goal and Alvarado charges that he should not have to pay her fee. Obviously, he was dissatisfied with her performance under the contract and seeks return of the contractual fee. Any contract for work includes an implied duty to do the designated work skillfully, carefully, and in a workmanlike manner. *INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566 (Ind. Ct. App. 2003), *trans. denied*. The failure to do so is an actionable tort, as well as a breach of contract. *Id.*

*Id.*

[9] Likewise, here, in essence, Jacob's complaint alleges that Vigh committed legal malpractice when Vigh kept the $10,000 retainer without performing any work. *See id.* In particular, Jacob alleged facts that, if proven, would establish: 1) that he employed Vigh as his attorney, which created a duty, 2) that Vigh failed to exercise ordinary skill and knowledge, which constituted breach of that duty, and 3) that such negligence was the proximate cause 4) of damage to Jacob. *See Rice v. Strunk*, 670 N.E.2d 1280, 1283-84 (Ind. 1996). Jacob's complaint includes each of those elements, and he specifically avers that Vigh committed fraud, breach of contract, and breach of fiduciary duty, which "legal theories of recovery . . . support a legal malpractice action." *See Whitehouse v. Quinn*, 477 N.E.2d 270, 273-74 (Ind. 1985).

As we have noted, Vigh contends that the trial court "has no jurisdiction to adjudicate" any claims related to his alleged misconduct. Appellant's App. Vol. 2 at 8. Vigh is mistaken. If Jacob's claims are proven, Vigh may be subject to sanctions under the Indiana Rules for Admission to the Bar and Discipline of Attorneys. That is not for us to decide. But we can say that our Supreme Court's exclusive jurisdiction over such matters does not preempt or preclude a tort or contract claim arising from the same facts.

In sum, while Jacob's complaint includes allegations that Vigh violated certain canons of the Rules of Professional Conduct, that does not mean the trial court lacks jurisdiction over his complaint, which alleges claims of fraud, breach of contract, and breach of fiduciary duty and supports a claim for legal malpractice. *See Alvarado*, 819 N.E.2d at 525. Accordingly, we reverse the trial court's order dismissing Jacob's complaint.

Reversed and remanded for further proceedings.

Kirsch, J., and Brown, J., concur.