## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 08 2020, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jena Anderson
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jena M. Anderson,<br>*Appellant,*<br><br>v.<br><br>Derick A. Willis,<br>*Appellee.* | September 8, 2020<br><br>Court of Appeals Case No.<br>19A-JP-3099<br><br>Appeal from the Monroe Circuit Court<br><br>The Honorable Catherine Berg Stafford, Judge<br><br>The Honorable Stephen R. Galvin, Judge<br><br>The Honorable Bret D. Raper, Commissioner<br><br>Trial Court Cause Nos.<br>53C04-0911-DR-773<br>53C07-1405-JP-299 |

**Najam, Judge.**

# Statement of the Case

Jena Anderson ("Mother"), *pro se*, appeals the trial court's grant of a petition to permanently modify custody over her minor children filed by Derick Willis ("Father") and the denial of her counter-petition to have her minor children returned to her care. However, Mother makes no cogent argument and has failed to provide any citation to relevant case law. Accordingly, Mother has not met her burden on appeal to demonstrate that the trial court erred, and we affirm the trial court's order.

# Facts and Procedural History

Mother and Father have two children together: D.W., born August 4, 2008, and M.W., born March 24, 2014 (collectively, the "Children"). Following their births, Mother was the custodial parent of the Children.[1] But on December 14, 2018, Father filed an emergency petition for modification of custody in which he alleged that the Children were not safe with Mother because she "had substance abuse issues." Tr. Vol. 4 at 5. The court held a hearing on Father's petition on January 15, 2019. Following a hearing during which Mother admitted that she had "an issue" with heroin, the court entered a provisional order granting Father custody of the Children. Tr. Vol. 2 at 25.

Thereafter, Father filed a petition to permanently modify custody over the Children. In response, Mother filed a counter-petition to have the Children

---

[1] The record does not indicate whether Mother and Father ever lived together.

returned to her care.[2]  Following a hearing, the court entered findings of fact and conclusions thereon as follows:

> 2.  On December 14, 2018[,] Father filed for an emergency custody hearing based on Mother's substance abuse issues. Mother had been recently charged with Possession of Methamphetamine[] (53C05-1809-F6-001012).
>
> 3.  A hearing was conducted on January 15, 2019, and as a result this court issued a Provisional Order awarding Father primary physical custody of the [C]hildren, with the matter to be reviewed on March 29, 2019.  During this hearing the court found testimony from the Maternal Grandmother to be compelling when she suggested the [C]hildren should at least temporarily remain under Father's custody as Mother was unstable.
>
> 4.  A custody review hearing was conducted on March 29, 2019, and the court determined that Father should continue to maintain provisional custody of the parties' minor children as Mother's felony case was still pending.  A subsequent review hearing was scheduled for June 28, 2018.
>
> 5.  On or about May 23, 2019[,] the State of Indiana (Monroe County) filed additional criminal charges against Mother under Cause No. 53C05-1905-FS-000569 for the alleged offenses of Robbery (Level 5 Felony) and Possession of Methamphetamine (Level 6 Felony).  Mother was arrested and booked into the Monroe County Jail on these charges.
>
> 6.  On or about May 30, 2019[,] Mother was released from the Monroe County Jail on her own recognizance on the condition

---

[2]  Mother has not provided a copy of any of the custody petitions in her appendix on appeal.

that she report to Monroe County Community Corrections and[/]or be subject to random drug screens.

7. On or about June 18, 2019[,] a criminal arrest warrant was issued for Mother for an alleged violation of the terms and conditions of her pre-trial release. Mother was arrested and booked into the Monroe County Jail on or about June 21, 2019. Mother was subsequently released on or about June 25, 2019[,] subject to case management with Day Reporting.

8. On June 28, 2019[,] Mother filed a Verified Petition for Modification of Child Custody. In her petition Mother requested that the matter be heard as soon as possible, alleging the Father was possibly abusing prescription medication. Mother further asserted that Father was thwarting her contact with the [C]hildren.

9. On or about July 3, 2019[,] a First Amended Notice of Non-Compliance and Violation of Pre-Trial Supervision against Mother was filed by the Monroe County Probation Department, and an arrest warrant was issued.

10. Sometime in early August 2019, Mother relocated to Houston, Texas. Mother may have notified the criminal court of her relocation, but she did not advise this court of the same.

11. On or about Friday, September 20, 2019[,] Father permitted the Maternal Grandmother to take the two (2) boys to a soccer game on the following Saturday morning (9/21). Mother drove to Bloomington, Indiana from Houston, Texas, arriving in Bloomington on September 21, 2019. Mother visited with the two (2) boys at the Maternal Grandmother's residence, and she told the Maternal Grandmother she was as going to take the [C]hildren to breakfast.

12. Mother then drove the [C]hildren from Indiana to reside with her in Texas without consent from Father, the Maternal Grandmother, and/or this court. Mother subsequently returned the [C]hildren back to Father, and her parenting time remained suspended pending further hearing. Mother was permitted to spend time with the [C]hildren following the hearing on November 19, 2019.

13. Mother continues to reside in Houston, Texas, which she claims is a better environment for her to address addiction/sobriety issues. Mother resides with her sister and her sister's four children. Mother's criminal matters are not yet resolved, although Mother is confident that she will not be serving any prison time.

14. Mother has been attending a treatment program at Phoenix House since August 2019. Mother has routinely provided "clean" UDS screens, and the staff at Phoenix House report that Mother exhibits a positive attitude and that Mother is motivated in her recovery.

15. Mother is presently employed at "The Crab" restaurant in Houston.

16. The [C]hildren are presently enrolled in Summit School (MCCSC) and are passing. There have been some minor attendance and behavioral issues, especially with the younger Child.

17. Father described a "typical" day with the [C]hildren, which includes work on homework, playtime, and meal time. The [C]hildren enjoy parks, travel, video games, and sleepovers while with Father. Father has a three bedroom trailer and he is attempting to receive government assistance with housing. Father is also pursuing obtaining commercial driver's license.

18. Father has pending criminal matters (child support related as to another child), but Father has been complying with his child support program, and there is no imminent concern that he will be incarcerated. Father otherwise provides a safe and stable residence for the [C]hildren.

19. DCS investigator Brian Barber testified that DCS recently received an abuse neglect allegation as to Father on or about October 1, 2019. An investigation ensued, and the allegation was ultimately unsubstantiated. Father did decline a UDS at the urging of his girlfriend. Father concedes that he has used marijuana.

20. The court spoke with the oldest child, [D.W.,] during a private *in camera* interview. [D.W.] generally reported that things are going well at Father's residence, and he would prefer to stay with Father. [D.W.] advised that he did not know what his younger brother's wishes were.

* * *

23. In the present case the court concludes that Father should maintain primary physical custody of the [C]hildren. He has provided a safe and stable residence for the [Children] and they have generally thrived under his care. Mother has made great strides in her recovery, and she is to be commended, but her criminal cases are not yet resolved and she continues to address her own addiction issues.

Appellant's App. Vol. 2 at 40-43 (some emphases removed). Accordingly, the trial court granted Father's motion to permanently modify custody and denied Mother's counter-petition to have the Children returned to her care. This appeal ensued.

## Discussion and Decision

Mother appeals the trial court's grant of Father's petition to permanently modify custody over the Children and the denial of her petition to have the Children returned to her care. We first note that Father has not filed an appellee's brief. Where the appellee fails to file a brief on appeal, we may, in our discretion, reverse the trial court's decision if the appellant makes a *prima facie* showing of reversible error. *McGill v. McGill*, 801 N.E.2d 1249, 1251 (Ind. Ct. App. 2004). In this context, *prima facie* error is defined as error "at first sight, on first appearance, or on the face of it." *Orlich v. Orlich*, 859 N.E.2d 671, 673 (Ind. Ct. App. 2006).

We also note that Mother is proceeding *pro se*. "It is well settled that *pro se* litigants are held to the same legal standards as licensed attorneys. This means that *pro se* litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so." *Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016) (internal citation omitted).

The Indiana Appellate Rules require an appellant to include in her brief an argument section that "contain[s] the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citation to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]" Ind. Appellate Rule 46(A)(8)(a). This is because cogent argument supported by adequate citation to authority "promotes impartiality in the appellate tribunal. A court which must search the record and

make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator." *Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997). We will not address arguments so poorly developed or expressed that they cannot be understood. *Basic*, 58 N.E.3d at 984 (quotation marks omitted).

[7] Here, Mother's brief on appeal wholly fails to comply with Indiana Appellate Rule 46(A)(8)(a). Mother has not supported her contentions by cogent reasoning, and she does not cite any case law or other legal authority to support her assertions. And Mother has failed to state our standard of review as required by Indiana Appellate Rule 46(A)(8)(b).

[8] Nevertheless, we have read and considered Mother's arguments on appeal. We conclude that, even if Mother had complied with the Rules of Appellate Procedure, her arguments amount to a request for this Court to reweigh the evidence, which we cannot do. *See Steele-Giri v. Steele*, 51 N.E.3d 199, 124 (Ind. 2016). Thus, Mother has failed to meet her burden on appeal to demonstrate that the trial court erred, and we affirm the trial court's order.

[9] Affirmed.

Bradford, C.J., and Mathias, J., concur.