

IN THE

# Court of Appeals of Indiana

Walking With Jesus Ministries,

*Appellant-Plaintiff*

v.

Bianca Alexander,

*Appellee-Defendant*



FILED

Jul 23 2024, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

July 23, 2024

Court of Appeals Case No.
24A-EV-419

Appeal from the St. Joseph Superior Court

The Honorable Matthew R. Raper, Magistrate

Trial Court Cause No.
71D07-2312-EV-2546

---

**Opinion by Judge Mathias**
Chief Judge Altice and Judge Bailey concur.

**Mathias, Judge.**

[1] Walking With Jesus Ministries ("Landlord") appeals the small claims court's dismissal of the Landlord's notice of claim, in which the Landlord had sought possession of premises that the Landlord had leased to Alexander, plus damages the Landlord alleged that Alexander had caused to the premises during her tenancy. The Landlord raises the following dispositive issue for our review: whether the court erred when it dismissed the notice of claim due to the Landlord's purported failure to give Alexander ten days' notice under Indiana Code section 32-31-1-6 (2023). We agree with the Landlord that the ten days' notice requirement under Indiana Code section 32-31-1-6 does not apply here, and, accordingly, we reverse and remand for further proceedings.

## Facts and Procedural History

[2] Beginning on July 1, 2022, the Landlord leased certain premises in Mishawaka to Alexander pursuant to a written lease agreement. The lease agreement provided that Alexander's tenancy was on a month-to-month basis, and her rent payment was "due in advance before the first (1st) day of each and every month." Appellant's App. Vol. 2, p. 10. The lease agreement further provided that, "[i]f rent is not paid by the 1st of each month[,] a $75.00 . . . late fee will be assessed," and, "[i]f all monies are not paid in full by the 5th of the month," the Landlord would "be compelled to begin the eviction process." *Id.* The lease referred to the five-day window as a "Grace Period" that also "serve[d] as [a] notice to vacate." *Id.* Elsewhere, the lease agreement provided that "no notice

of default by Landlord is required" should circumstances of Alexander's default exist. *Id.* at 12.

[3] Alexander allegedly failed to pay her rent in accordance with the lease agreement, and, in December 2023, the Landlord filed its notice of claim seeking damages against Alexander and possession of the premises. The court held a hearing on the Landlord's notice of claim in January 2024. Alexander did not appear at that hearing. Nonetheless, the court concluded that the Landlord had failed to provide Alexander with ten days' notice of the Landlord's attempt to terminate the lease in accordance with Indiana Code section 32-31-1-6. The court then dismissed the Landlord's notice of claim.

[4] This appeal ensued.

## Discussion and Decision

[5] The Landlord appeals the small claims court's dismissal of its notice of claim. Small claims actions involve informal trials with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *Harvey v. Keyed in Prop. Mgmt., LLC*, 165 N.E.3d 584, 587 (Ind. Ct. App. 2021), *trans. denied*. Accordingly, judgments from small claims actions are provided a deferential standard of review. *Id.* We will neither reweigh the evidence nor assess witness credibility, and we consider only the evidence most favorable to the judgment. *Pfledderer v. Pratt*, 142 N.E.3d 492, 494 (Ind. Ct. App. 2020). However, this deferential standard relates only to procedural and evidentiary

issues; it does not apply to substantive rules of law, which we review de novo. *Id.*

[6] We also note that Alexander has not filed an appellee's brief. When the appellee fails to file a brief on appeal, we may reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *McGill v. McGill*, 801 N.E.2d 1249, 1251 (Ind. Ct. App. 2004). In this context, prima facie error is defined as "at first sight, on first appearance, or on the face of it." *Orlich v. Orlich*, 859 N.E.2d 671, 673 (Ind. Ct. App. 2006). This rule was established to make clear that it is not the burden of the court on appeal to rebut apparently valid arguments advanced for reversing the trial court's judgment. *See McGill*, 801 N.E.2d at 1251.

[7] Here, the court dismissed the Landlord's notice of claim under Indiana Code section 32-31-1-6, which states:

> If a tenant refuses or neglects to pay rent when due, a landlord may terminate the lease with not less than ten (10) days notice to the tenant *unless*:
>
> > (1) *the parties otherwise agreed*; or
> >
> > (2) the tenant pays the rent in full before the notice period expires.

(Emphasis added.) And Indiana Code section 32-31-1-8(5) adds that a "[n]otice is not required to terminate a lease" where "[t]he express terms of the contract

require the tenant to pay the rent in advance, and the tenant refuses or neglects to pay the rent in advance."

[8] The face of the lease agreement makes clear that the statutory ten days' notice was not required here. First, the parties agreed otherwise: the lease provided for a five-day grace period that also expressly "serve[d] as [a] notice to vacate." Appellant's App. Vol. 2, p. 10. Second, the lease agreement established a month-to-month tenancy and provided that Alexander's rent payments were to be paid in advance. *Id.* Alexander allegedly failed to make her payments. Accordingly, the small claims court erred under Indiana Code sections 32-31-1-6(1) and 32-31-1-8(5) when it dismissed the Landlord's notice of claim.

[9] For all of these reasons, we reverse the small claims court's judgment and remand for further proceedings.

[10] Reversed and remanded.

Altice, C.J., and Bailey, J., concur.

ATTORNEY FOR APPELLANT

Frank J. Agostino
South Bend, Indiana