Charles **ESTEB**, Appellant
(Respondent Below),

v.

Sandra **ENRIGHT**, By the **STATE** of
**Indiana**, Appellee (Petitioner Below).

No. 55A01–9007–CV–00277.

Court of Appeals of Indiana,
First District.

Nov. 29, 1990.

Thomas M. Frohman, Jamie Andree, Legal Services Organization of Indiana, Inc., Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Charles Esteb appeals the trial court's order—specifically designated to be enforceable by contempt—that 1) reduces his child support arrearage to a judgment, 2) requires him to make payments toward the reduction of the arrearage, and 3) requires him to make the present installments on his child support obligation in this URESA action to enforce a 1975 Oklahoma child support order brought by the State of Indiana in the name of Charles's ex-wife, Sandra Enright.[1] Charles is disabled and his sole source of income/support is Supplemental Security Income (SSI), awarded pursuant to Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381–1383c. We reverse.

## FACTS

Charles Esteb and Sandra Enright were divorced by an Oklahoma court in 1975. Sandra was awarded custody of the parties' two minor children and Charles was ordered to pay $150.00 per month for the children's support. Sandra now lives in Marion County, Indiana and Charles lives in Morgan County, Indiana. The Title IV–D Prosecutor for Morgan County brought this action pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), IND.CODE 31–2–1–1 *et seq.*

The trial court found that Charles was $25,600.00 in arrears in his child support obligation and reduced that sum to judgment to bear interest at the statutory rate. The trial court ordered Charles to make payments in the amount of $250.00 per month through the Clerk of Morgan County to be forwarded to the Marion County Clerk, Child Support Division. Each $250.00 monthly payment consists of $150.00 for Charles's current support obligation and an additional $100.00 per month to reduce the $25,600.00 arrearage. The trial court noted that the Petitioner (Sandra by the State of Indiana) could file a new action for enforcement through contempt if

---

1. Esteb is represented on appeal by the Bloomington, Indiana office of the Legal Services Organization of Indiana, Inc. which is to be commended for the excellent briefs submitted in this case.

Charles fails to comply with the present order.

Charles testified—and the evidence would appear to be undisputed—that he has had no contact with his children for many years. He believed the children had been adopted because Sandra had sent him a Consent to Adoption in 1981 which he had signed and returned to her. Charles did not know until the present proceedings were begun that the adoption had not taken place. It is also undisputed that Charles has no property of value and his only source of income is $386.00 per month in Supplemental Security Income (SSI).

## DECISION

■ The Uniform Reciprocal Enforcement of Support Act, IND.CODE 31–2–1–1 *et seq.*, creates no duty of support but simply provides a means to enforce a duty of support as it may exist under the law of the responding state. *People ex rel. Gribbins v. Skopitz* (1985), 135 Ill.App.3d 76, 90 Ill.Dec. 15, 481 N.E.2d 815. Under URESA, a foreign support order, when confirmed by an Indiana court, becomes for all intents and purposes an Indiana support order. *State ex rel. Greebel v. Endsley* (1978), 269 Ind. 174, 379 N.E.2d 440.

■ A child support order may be enforced by contempt. *Thompson v. Thompson* (1984), Ind.App., 458 N.E.2d 298. The failure of a parent to pay child support as required by a divorce decree will not place the parent in contempt if he or she does not have money to pay and is unable to secure it. *Dissette v. Dissette* (1935), 208 Ind. 567, 196 N.E. 684. A parent who has failed to comply with a child support order has the burden of proving that the failure to comply was not willful or was otherwise excused. *Holman v. Holman* (1985), Ind. App., 472 N.E.2d 1279. The trial court's

finding that a parent is not excused from his or her failure to pay support is a negative judgment which will be reversed only if there is no evidence to support the trial court's conclusion. *Id.*

■ Supplemental Security Income (SSI), under 42 U.S.C. §§ 1381–1383c, is a social welfare program. *Mathews v. deCastro* (1976), 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389. The purpose of SSI is to assure that recipients' income is maintained at a level viewed by Congress as the minimum necessary for the subsistence of that individual. *Whaley v. Schweiker* (9th Cir. 1981), 663 F.2d 871. SSI benefits are exempt from any legal process brought by any creditor. 42 U.S.C. § 1383(d)(1).

■ SSI is specifically excluded from a parent's income for the purpose of computing child support under Ind. Child Support Guideline 3.A.1. The commentary to the child support guidelines provides that support should not be set such that the obligor is denied a means of self-support at a subsistence level. Commentary to Child Supp. G. 2.[2]

■ In the present case, there is really no factual or legal dispute. The State has never disputed that Charles has no property of value or any source of income other than his SSI. Further, the State concedes that SSI benefits are exempt from child support enforcement and that the trial court's order may not be enforced against Charles when his sole source of income is SSI. The State merely asserts that the trial court's order is appropriate to expedite enforcement in the event Charles comes into some money in the future. The State suggests, for example, that Charles could win the lottery.

As noted above, Charles's SSI income of $386.00 per month is the minimum for his

---

**2.** It is important to distinguish SSI benefits under Title XVI of the Social Security Act from Social Security Disability benefits under Title II of the Act, 42 U.S.C. §§ 401–433. While social security disability benefits are exempt from the claims of most creditors under 42 U.S.C. § 407(a), social security disability benefits are not exempt from legal process for the enforcement of the recipient's child support obligations.

42 U.S.C. § 659(a). Social security disability benefits are included in the definition of "weekly gross income" for the purposes of determining a child support order under Child Supp. G. 3.A.1. Indiana courts have held that social security disability benefits are the proper subject of child support orders. *Patrick v. Patrick* (1988), Ind.App., 517 N.E.2d 1234.

subsistence. *Whaley, id.* Charles does not—as a matter of law—have the money or the means to satisfy his child support obligation. Therefore, under *Dissette, supra,* the trial court may not invoke the power of contempt to enforce the order.

We must reverse the trial court's order that requires Charles to pay $250.00 per month or face sanctions for contempt. This does not mean that the Oklahoma support order is in any way invalid; our authority under URESA is limited to the issue of enforcement. *In re Marriage of Truax* (1988), Ind.App., 522 N.E.2d 402, *trans. denied.* Our decision merely recognizes that courts are without power to draw blood from a turnip.

Judgment reversed.

RATLIFF, C.J., and CONOVER, J., concur.