John HOLIDAY, Appellant–Respondent,

v.

Dale J. HOLIDAY, Appellee–Petitioner.

No. 49A02–9401–CV–25.

Court of Appeals of Indiana,
Second District.

Sept. 7, 1994.

Ordered Published Nov. 29, 1994.

Christopher B. Haile, Julie E. Bennett, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

Michael W. Vantreese, Indianapolis, for appellee.

FRIEDLANDER, Judge.

Appellant-respondent John Holiday appeals the trial court's order denying his motion to vacate a contempt finding and child support order.

We reverse.

The facts most favorable to the judgment are that on January 10, 1992, Dale Holiday petitioned to dissolve her marriage from John. A decree of dissolution was entered on July 31, 1992 in Marion County, Indiana. John was ordered to pay child support in the amount of $25.00 per week, per child, for

each of his two minor children. He was also ordered to pay Dale's attorneys fees in the amount of $500.

On May 7, 1993, the trial court entered an order finding John in contempt of court for failing to pay child support and Dale's attorneys fees. John then filed a motion to vacate the contempt finding and child support order. The trial court denied these motions but granted the motion to set aside the order of contempt regarding the failure to pay attorneys fees. Following a hearing on October 6, 1993, the trial court entered the following findings and order:

## "FINDINGS

1. That Respondent has paid no child support since the original order was entered.

2. That through October 1, 1993, Respondent was $1525 in arrears in payment of child support.

3. That Respondent is capable of minimum earnings.

4. That Respondent is possessed of certain personal property.

## *ORDER*

NOWTHEREFORE, the Court issues its Order as follows:

1. The Court denies Respondent's Motion to Set Aside the courts' (sic) earlier Order of contempt for failure to pay child support.

2. The Court grants Respondent's Motion to Set Aside order of comptempt (sic) for failure to pay attorney fees.

3. The Court sentences Respondent to 10 days in the Marion County Jail suspended on condition that Respondent pays $500 in child support by November 5, 1993, in addition to the current child support order of $25 per week plus $10 per week in arrearage...."

*Record* at 50–51.

John appeals and presents the following issues:

I. Did the trial court err in denying John's motion to vacate the child support order?

II. Did the trial court err in denying John's motion to vacate the continuing contempt order?

Dale presents this additional issue:

III. Was the trial court prevented from granting relief because John did not petition to modify or revoke the child support order?

## I.

We initially observe that a transcript of the October 6, 1993 hearing is not before us. John filed a motion with the trial court "To Approve Statement Of The Evidence Due To Unavailability Of Transcript" on December 30. This motion was granted and provided as follows:

"The parties, by counsel, submit the following Statement of the Evidence for approval of the court pursuant to Appellate Rule 7.2(A)(c)(3). At the October 6, 1993 hearing in this cause the following occurred:

1. Two witnesses testified at the hearing, Ancil Tooley, a/k/a John Holiday and Dale Holiday.

2. The parties agreed that Respondent Ancil Tooley has paid no child support since the original order was entered and there is an arrearage of $1,525 on that order.

3. *Ancil Tooley testified that his only income is Supplemental Security Income Benefits of $434 per month. He further testified that he is a disabled individual under a doctor's care for numerous medical problems and he is incapable of any employment earnings.* He testified that he was last employed in 1991.

4. Dale Holiday testified that she saw Ancil Tooley working at the Vikings for Christ Curio Shop in Peru, Indiana on one occasion in July, 1992. Ancil Tooley testified that he has volunteered at the shop when he is able and has never been paid for his time.

5. Ancil Tooley testified that his $434 per month Supplemental Security Income Benefits is consumed by his daily living expenses.

6. *Ancil Tooley testified that he has a three-wheel motorcycle and a 1976 van/automobile registered in his name but that those vehicles do not legally belong to him.*

7. *Ancil Tooley testified that he has no assets or savings with which to pay child support.*

8. *Dale Holiday testified that she observed Ancil Tooley, on one occasion, standing outside of his home next to a 1992 van with the hood up and that she believed he was working on this vehicle."*

*Record* at 91–92 (emphasis supplied).

▆ A trial court's finding that a parent is not excused from the failure to pay child support is a negative judgment which will be reversed only if there is no evidence to support the trial court's conclusion. *Esteb v. Enright By State* (1990), Ind.App., 563 N.E.2d 139; *Holman v. Holman* (1985), Ind. App., 472 N.E.2d 1279. This court will reverse a negative judgment only if it is contrary to law, and we will consider only the evidence in the record most favorable to the prevailing party without reweighing the evidence or judging the credibility of witnesses. *Clark v. Clark* (1991), Ind.App., 578 N.E.2d 747; *In re Marriage of Wooten* (1990), Ind. App., 563 N.E.2d 636.

▆ John receives Supplemental Security Income (SSI) and he testified that he is disabled and unable to work to obtain additional income. SSI is a federal social welfare program and it is specifically excluded from a parent's income for the purpose of computing child support under Ind. Child Support Guideline 3.A.1. *Mathews v. DeCastro* (1976), 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389; *Esteb, supra.* To qualify for SSI benefits, a person must be blind, disabled, or at least sixty-five years old. *See* 42 U.S.C. § 1381–1383c.

In *Esteb,* this court reversed a trial court's order holding the respondent in contempt for failure to pay child support when the evidence revealed that he had no property of value or any source of income other than SSI benefits. The Statement of the Evidence submitted by the parties reveals that John's *sole* source of income is SSI and that this amount was completely consumed by his monthly living expenses. John's unchallenged testimony also demonstrated that he was last employed in 1991 and was unable to continue working. No evidence was submitted such as a paycheck, tax return, or work schedule to contradict John's contention that the SSI benefits were his only source of income.

While Dale contends that she saw John working in the Curio Shop on one occasion in July, 1992, John explained that he only worked as a volunteer when he was able to do so and never received any compensation for his time. The record is devoid of any evidence showing that John could work and generate income on a regular basis. Dale also testified that she saw John standing in front of his home next to a 1992 van and "believed" that he was working on it. John denied that he owned any vehicle. Dale merely speculated that John owned the van because he was standing next to it.

The only evidence of probative value revealed that John's *sole* source of income was the monthly SSI payment which was completely consumed by his monthly living expenses. The trial court's findings that John was capable of minimum earnings and that he was possessed of certain personal property was clearly erroneous.

## II.

▆ The trial court erred in denying John's motion to vacate the continuing order of contempt. As discussed in issue I, *supra,* John's only source of income consisted of SSI benefits. In *Esteb, supra,* this court determined that an action for enforcement through contempt is not available against an SSI recipient who fails to comply with a child support order. The *Esteb* court determined that the respondent, *as a matter of law,* did not have the money or the means to satisfy his child support obligation. The trial court's order refusing to vacate the contempt findings against John for nonpayment of child support is therefore contrary to law and must be reversed.

There is also no evidence before us indicating that John willfully refused to pay child support. In accordance with Ind. Code 31–1–11.5–13(h), contempt is only available as a

remedy if a trial court determines that an individual is delinquent in the payment of child support as a result of an intentional violation of a support order. *See also Brown v. Brown* (1933), 205 Ind. 664, 187 N.E. 836 (parent may not be held in contempt for failing to pay child support for lack of ability to pay because of poverty, sickness, or other valid reason).

The record is devoid of evidence indicating that John intentionally refused to pay support. John testified that all of his SSI benefits are consumed by his daily living expenses. There is simply no other evidence in the record by which the trial judge could find or infer that John had the means to pay child support and had intentionally failed to make such payments. The trial court's decision to deny the motion to vacate the contempt order for John's failure to pay child support is not supported by the evidence and is contrary to law.

### III.

John was not obligated to move for an order modifying or revoking the child support order, and we reject Dale's contention that the trial court was prevented from ruling upon John's motion to vacate.

On July 9, 1993, John filed the motion to vacate the contempt finding and child support order pursuant to Ind. Rules of Procedure, Trial Rule 60. Dale contends that T.R. 60 was not the proper vehicle "for the revocation or modification of a child support order." *See* Appellant's Brief at 13. She further claims that John improperly "piggybacked" the request to vacate the child support order with the T.R. 60 motion seeking relief from the contempt judgment.

T.R. 60 provides in relevant part as follows:

"(B) On motion and upon such terms as are just the court may relieve a party or his legal representative from entry of default, final order or final judgment including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud . . .

(4) *entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;*

(5) except in the case of a divorce decree, the record fails to show that such party was represented by a guardian or other representative, . . .

(6) the judgment is void;

(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) *any reason justifying relief from the operation of the judgment,* other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7) and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4)."

*Id.* (Emphasis supplied).

Our review of the record suggests that Dale is laboring under the erroneous impression that John was seeking to *modify* the support decree which resulted in an untimely filing. It is apparent to us that John is seeking relief from the entry of an improper judgment, and not a modification of child support.

The support order was issued on July 31, 1992 against John by default. Dale was unable to obtain personal service and, therefore, John was served by publication. John never received actual notice of the dissolution proceedings, so he was not able to present evidence of his income. This information was not available for the trial court's consid-

eration when the support order was issued against him.

 Because the child support order was issued on July 31, 1992, and John filed the motion to vacate July 9, 1993, he was clearly within the one-year time limit designated by T.R. 60(B)(2). He therefore properly sought to vacate the child support order and contempt finding in accordance with T.R. 60. John was not obligated to petition the trial court in an effort to seek modification of the order.

In light of the above, the record demonstrates that the trial court's decision denying John's motion to vacate the contempt finding and child support order is erroneous, inasmuch as no evidence was presented showing that John was capable of paying child support and/or that he has willfully refused to pay support.

Judgment reversed.

KIRSCH, and RATLIFF, JJ., concur.