### In re the Marriage of Kevin L. COX, Appellant,

v.

### Lori Ann COX, Appellee.

### No. 07A01–9502–CV–46.

Court of Appeals of Indiana.

June 26, 1995.

Publication Ordered Aug. 3, 1995.

---

**7.** *See also Thomsen v. United States*, 887 F.2d 12 (1st Cir.1989) (treasurer liable based in part on evidence he eventually closed operations and took possession of corporate financial records and inventory); *but see O'Connor v. United States*, 956 F.2d 48, 51 (4th Cir.1992) (vice-president, director, and 50% shareholder not liable because "taxpayer assume[d] a title merely for the purpose of protecting his investment").

Thomas M. Frohman, Marcy Wenzler, Bloomington, for appellant.

Stanley A. Gamso, Lawson, Pushor, Mote, Coriden & Gamso, Columbus, for appellee.

## OPINION

ROBERTSON, Judge.

Kevin L. Cox [Father], an SSI recipient, appeals the trial court's invocation of the power of contempt for failing to pay all of his child support obligation and the trial court's order that he pay the attorney fees of his ex-wife, Lori Ann Cox [Mother]. We reverse.[1]

## FACTS

The facts in the light most favorable to the trial court's judgment reveal that Father is a disabled SSI (Supplemental Security Income) recipient. Father owns a mandolin which he values at $1,000.00 and occasionally earns a little money playing the mandolin "when he can find a band." During the period the child support order was in effect, Father had earned $70.00 in this manner. Father applied this $70.00, as well as some of his SSI, to his child support obligation.

---

1. As in *Esteb v. Enright, by State* (1990), Ind. App., 563 N.E.2d 139, the appellant/SSI recipient was represented by the Bloomington, Indiana office of the Legal Services Organization of Indiana, Inc. *Id.* at 140 (footnote 1). Again, this organization is to be commended for the excellent briefs submitted on appeal. *Id.*

The trial court held Father in contempt finding that Father failed to demonstrate that he is unable to secure employment as he had in the past. The trial court ordered Father to pay child support, including an amount to be applied to the arrearage, based upon potential income as if he were employed forty hours per week at minimum wage (40 hours × $4.25 = $170.00 per week). The trial court ordered Father to serve thirty days in jail for contempt unless he paid the child support ordered.

## DECISION

■ In order to avoid being found in contempt for the failure to pay child support, the payor parent has the burden of proving that the failure to comply was not willful or was otherwise excused. *Esteb v. Enright, by State* (1990), Ind.App., 563 N.E.2d 139, 141. We will reverse the trial court's invocation of the power of contempt to compel a parent to pay child support only if it is contrary to law. *Holiday v. Holiday* (1994), Ind.App., 644 N.E.2d 880, 882. In making such a determination, we will consider only the evidence in the record most favorable to the trial court's judgment without reweighing the evidence or judging the credibility of witnesses. *Id.* A trial court's judgment will be reversed under the clearly erroneous standard only when a review of the record leaves the reviewing court with the firm conviction that a mistake has been made. *Matter of Estate of Goins* (1993), Ind.App., 615 N.E.2d 897, 899, *trans. denied.*

■ SSI is a federal social welfare program designed to assure that the recipient's income is maintained at a level viewed by Congress as the minimum necessary for the subsistence of that individual. *Esteb,* 563 N.E.2d at 141. SSI is excluded from a parent's income for the purpose of computing child support under Ind. Child Support Guideline 3.A.1. *Id.* Child support may not be set such that the obligor is denied a means of self-support at a subsistence level. *Id.;* Commentary to Child Supp.G. 2.

■ In order to obtain SSI, Father had been required to prove that he was unable "to do any substantial gainful activity by reason of [a] medically determinable physical or mental impairment" and that his impairment made him *"unable to do [his] previous work* or any other substantial gainful activity." 20 C.F.R. § 416.905(a). Earnings of less than $300.00 per month will ordinarily show that a disabled person has not engaged in substantial gainful activity. 20 C.F.R. § 416.974(b)(3). Thus, the $70.00 Father earned playing music was not "substantial gainful activity."

■ Our review of the record has left us with the firm conviction that a mistake has been made. We hold that the trial court's judgment is clearly erroneous or contrary to law because the finding that, despite Father's SSI status, he nevertheless had potential income of $170.00 per week (in addition to his SSI), effectively constitutes an impermissible collateral attack upon the determination of Father's entitlement to SSI benefits. As in *Esteb,* 563 N.E.2d at 142, we hold that an SSI recipient, as a matter of law, lacks the money or means to satisfy his child support obligation. *Accord Holiday,* 644 N.E.2d at 882.

Therefore, we must reverse the trial court's invocation of the power of contempt to compel Father to pay child support. *See Esteb,* 563 N.E.2d at 142; *Holiday,* 644 N.E.2d at 882. Furthermore, based on the above, we reverse, as an abuse of discretion, the trial court's order that Father pay Mother's attorney fees.

Judgment reversed.

NAJAM and RILEY, JJ., concur.

## ORDER

This Court having heretofore on June 26, 1995 handed down its opinion in this appeal marked "Memorandum Decision, Not for Publication"; the appellant, by counsel, having thereafter filed his Request to Have Memorandum Decision Published and this Court having issued its order requiring that the appellee to show cause, why this Court's opinion in this case previously handed down as a Memorandum Decision, Not for Publication should not be ordered published; and

Comes now the appellee, by counsel, and files herein her Objection to Appellant's Request to Have Memorandum Decision Published, which said Objection is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Objection and being duly advised, now finds that the same fails to show good cause why this Court's previous opinion should not now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The appellant's Motion to Publish Opinion is granted and this Court's opinion heretofore handed down in this cause on June 26, 1995 marked "Not for Publication" is now ordered published.