**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson Indiana,

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

May 28 2014, 9:42 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHNNIE WINFORD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A01-1307-CR-303 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD CIRCUIT COURT
The Honorable J. Terrence Cody, Judge
Cause No. 22C01-1201-FC-191

**May 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issue

Johnnie Winford appeals his conviction for nonsupport of a dependent child, a Class C felony, raising the following issue for our review: whether his conviction is contrary to law, where Winford endeavored to establish the affirmative defense of an inability to pay child support by showing receipt of Supplemental Security Income ("SSI") for the term of his support obligation. Concluding Winford failed to prove he was entitled to SSI benefits during the relevant period, we affirm.

Facts and Procedural History

Winford married Keisha Williams in 2002, and the two have three children together. Winford and Williams divorced in 2003, and Williams was granted sole custody of all three children. The trial court issued a divorce decree and support order that required Winford to pay $273 per week in child support. In 2004, Winford paid a total of $1,500 through the Floyd County Clerk's Office and made three or four payments between $100 and $150 directly to Williams. Winford made no child support payments after 2004. By October 2011, Winford owed over $115,000 in unpaid child support.

On January 30, 2012, the State charged Winford with nonsupport of a dependent child, a Class C felony. The charge against Winford alleged that he failed to make child support payments between 2004 and 2011 and owed an amount greater than $15,000. At trial, Winford submitted evidence that he received SSI in the amount of $6,434.76. Specifically, Winford's evidence was a letter from the Social Security Administration in response to a request for information from Winford. The letter stated: "For the period of 01/2004 to 12/2012 you received a total of $6,434.76 in [SSI] benefits." Defendant's

Exhibit A. The letter also contained the following table, displaying a breakdown of SSI payments made to Winford beginning January 2012:

| Month | Payment | Month | Payment | Month | Payment |
|---|---|---|---|---|---|
| 01/2012 | $2,094.00*[1] | 05/2012 | $465.34 | 09/2012 | $465.34 |
| 02/2012 | $465.34 | 06/2012 | $465.34 | 10/2012 | $0.00 |
| 03/2012 | $465.34 | 07/2012 | $1,083.38* | 11/2012 | $0.00 |
| 04/2012 | $465.34 | 08/2012 | $465.34 | 12/2012 | $0.00 |

Id.

The jury was instructed that Winford's inability to pay child support is an affirmative defense to the charge of nonsupport of a dependent. The jury found Winford guilty, and he received a sentence of five years in the Indiana Department of Correction. This appeal followed. Additional facts will be provided as necessary.

Discussion and Decision

I. Standard of Review

Winford appeals his conviction of nonsupport of a dependent, arguing he established his affirmative defense of inability to pay child support. See Ind. Code § 35-46-1-5(d) ("It is a defense that the accused person was unable to provide support."). The defendant bears the burden of proving the defense at trial. Cooper v. State, 760 N.E.2d 660, 665 (Ind. Ct. App. 2001), trans. denied. When a party appeals a negative judgment, we will reverse only if the judgment is contrary to law. Id. In this context, a judgment is contrary to law if the undisputed evidence and all reasonable inferences to be drawn therefrom lead to a conclusion different than that reached below. Id.

---

[1] The significance of the asterisks next to the January and July of 2012 payments is not explained in Exhibit A as admitted.

3

## II. Inability to Pay Child Support

Winford contends his conviction was contrary to law because his receipt of SSI benefits established his inability to pay child support. He relies heavily on our decision in McGill v. McGill, 801 N.E.2d 1249 (Ind. Ct. App. 2004).

McGill involved an appeal of a trial court's order for a father to pay child support in the amount of $20 per week. At that time, the father's income consisted of SSI and Social Security disability benefits. The court recognized that "SSI is a federal social welfare program designed to assure that the recipient's income is maintained at a level viewed by Congress as the minimum necessary for the subsistence of that individual." Id. at 1252 (quoting Cox v. Cox, 654 N.E.2d 275, 277 (Ind. Ct. App. 1995)). The court also noted that SSI is specifically excluded from income for the purpose of determining a parent's child support obligation. Id. The court held that "[a]s a matter of law, SSI recipients lack the money or means to satisfy child support obligations." Id.

We need not determine the applicability of McGill to this case, because we believe Winford failed to prove he was entitled to SSI during the charged period. The evidence in this case indicates that Winford unsuccessfully attempted to obtain SSI benefits multiple times and was repeatedly denied until late 2011. Winford's letter from the Social Security Administration does not indicate the date on which he was deemed eligible for SSI, but it shows monthly payments beginning on January 2012. The first payment ($2,094) is exactly four and one-half times greater than the amount received in the following months ($465.34). The letter does not explain the significance of the larger first payment, but the jury could reasonably infer that the first payment included compensation for three and one-half months in 2011 when Winford was found eligible

4

for benefits. Assuming this were the case, it would not affect Winford's nonsupport for the vast majority of the charged term. Most importantly, the evidence does not prove that Winford was entitled to SSI or otherwise had an inability to pay child support for the entire period. Therefore, we cannot say the jury's verdict in this case was contrary to law.

## Conclusion

Concluding it was not contrary to law for the jury to find Winford guilty of nonsupport of a dependent, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.