ATTORNEYS FOR APPELLANT

Carrie N. Lynn
Tracy T. Pappas
Indiana Legal Services, Inc.
Indianapolis, Indiana



FILED

Apr 13 2017, 8:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles Cannon,<br><br>*Appellant-Petitioner,*<br><br>v.<br><br>Kristy A. Caldwell,<br><br>*Appellee-Respondent* | April 13, 2017<br><br>Court of Appeals Case No.<br>89A01-1607-DR-1643<br><br>Appeal from the Wayne Superior Court<br><br>The Honorable Gregory A. Horn, Judge<br><br>Trial Court Cause No.<br>89D02-1003-DR-31 |

**Crone, Judge.**

## Case Summary

[1] Charles Cannon ("Father") appeals the trial court's order modifying his child support. Although Father's notice of appeal was untimely, we conclude that an extraordinarily compelling reason exists to restore his forfeited right to appeal and decide his appeal based on the merits. In this case, the child support

modification order is in clear violation of the Indiana Child Support Guidelines. This manifest injustice constitutes an extraordinarily compelling reason to restore Father's right to appeal and requires the reversal of the child support modification order. Accordingly, we reverse and remand.

## Facts and Procedural History

[2] In March 2011, Father's marriage to Kristy A. Caldwell ("Mother") was dissolved. The dissolution order granted Mother custody of the parties' two minor children and ordered Father to pay $20 per week in child support. The children also received a monthly derivative benefit of $93 each from Father's Social Security Disability ("SSD"). In total, the children received $266 per month.

[3] At some point, Father became ineligible for SSD and began receiving Social Security Income ("SSI"). The record does not reveal the amount of Father's former SSD benefit, but his SSI benefit is $733 per month. Mother "is employed but makes less than minimum wage." Appealed Order at 1. When Father began receiving SSI, the children stopped receiving any derivative benefits, and Mother filed a motion to modify child support.

[4] On May 27, 2016, the trial court held a hearing on Mother's motion, and both parties appeared pro se. The hearing was conducted in the trial court's chambers in summary fashion. The same day, the trial court issued its order modifying Father's child support obligation to $35 per week, and the order was entered in the chronological case summary ("CCS"). On June 23, 2016,

Father, by counsel, filed a verified motion to reconsider modification. On June 29, 2016, the trial court denied his motion to reconsider.

[5] On July 21, 2016, Father, by counsel, filed his notice of appeal and later filed an appellant's brief. Mother did not file an appellee's brief. Because no transcript of the hearing on Mother's motion was available, Father filed with the trial court a verified statement of the evidence pursuant to Indiana Appellate Rule 31(A). The trial court did not certify Father's statement of the evidence but instead issued its affidavit in response to Father's statement pursuant to Indiana Appellate Rule 31(D).

## Discussion and Decision

[6] Father argues that the trial court erred in ordering him to pay child support because SSI does not constitute income for the purposes of calculating a child support obligation. Before considering his argument on the merits, we first address whether Father has forfeited his right to appeal. We may address sua sponte whether an appellant has forfeited his or her right to appeal and whether the right to appeal should be restored. *Snyder v. Snyder*, 62 N.E.3d 455, 458 (Ind. Ct. App. 2016) (citing *Blinn v. Dyer*, 19 N.E.3d 821, 822 (Ind. Ct. App. 2014)).

[7] Our Appellate Rules require that a party initiate an appeal by filing a notice of appeal within thirty days after the entry of a final judgment is noted in the CCS. Ind. Appellate Rule 9(A)(1). Father filed a motion to reconsider, but filing such a motion does not "delay the trial or any proceedings in the case, or extend the

time for any further required or permitted action, motion, or proceedings under these rules." Ind. Trial Rule 53.4(A); *see also Citizens Indus. Group v. Heartland Gas Pipeline, LLC*, 856 N.E.2d 734, 737 (Ind. Ct. App. 2006) (stating that "a motion to reconsider does not toll the time period within which an appellant must file a notice of appeal."), *trans. denied* (2007). Father's notice of appeal was untimely. "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by [Post-Conviction Rule 2]." Ind. Appellate Rule 9(A)(5).

[8]     Our supreme court has made clear that "although a party forfeits its right to appeal based on an untimely filing of the Notice of Appeal, this untimely filing is not a jurisdictional defect depriving the appellate courts of authority to entertain the appeal." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). "Rather the right to appeal having been forfeited, the question is whether there are *extraordinarily compelling reasons* why this forfeited right should be restored." *Id*. (emphasis added). This introduced a new concept into Indiana law: what does "extraordinarily compelling reasons" mean in this context?

[9]     Our supreme court did not define "extraordinarily compelling reasons" in *O.R.*, but it set forth three justifications that supported its determination that extraordinarily compelling reasons existed to restore a father's right to appeal the trial court's judgment granting the adoption of his child to the child's foster parents without his consent. First, the *O.R.* court explained that our appellate rules "'are merely means for achieving the ultimate end of orderly and speedy justice.'" *Id*. at 972 (quoting *In re Adoption of T.L.*, 4 N.E.3d 658, 661 n.2 (Ind.

2014)). The court further noted that that policy had been incorporated in Appellate Rule 1, which provides that appellate courts may permit deviation from the appellate rules. *Id.*

[10] Second, the *O.R.* court relied on the father's attempts to perfect his appeal. Four days before the notice of appeal was due, the father, who was incarcerated when the adoption order was issued, sent a letter to the trial court for appointment of appellate counsel for the "express purpose" of appealing the decision. However, the trial court did not appoint counsel until twenty-three days after the deadline for filing his notice of appeal had passed. *Id.* Even then, observed the court, appellate counsel filed an amended notice of appeal, "which the motions panel of the court of appeals accepted as being sufficient." *Id.*

[11] Third, "and perhaps most important," the *O.R.* court explained that the parent-child relationship was "'perhaps the oldest of the fundamental liberty interests'" and "'one of the most valued relationships in our culture.'" *Id.* (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000), and *In re I.A.*, 934 N.E.2d 1127, 1132 (Ind. 2010)). The court stated, "It is this unique confluence of a fundamental liberty interest along with 'one of the most valued relationships in our culture' that has often influenced this Court as well as our Court of Appeals to decide cases on their merits rather than dismissing them on procedural grounds." *Id.* The court summed up as follows: "[I]n light of Appellate Rule 1, Father's attempt to perfect a timely appeal, and the constitutional dimensions of the parent-child

relationship, we conclude that Father's otherwise forfeited appeal deserves a determination on the merits." *Id.*[1]

[12]     The *O.R.* court's analysis leaves several important questions unanswered. Do extraordinarily compelling reasons depend on the appellant's absence of fault or a finding of excusable neglect, or is it based on the nature of the right(s) at stake or the manifest injustice of the result? What combination of these factors is necessary to find extraordinarily compelling reasons, and how should they be weighed and balanced? As the *O.R.* court explained, the Appellate Rules exist to achieve orderly and speedy justice, and Appellate Rule 1 permits us to deviate from the rules. But in deciding whether it is appropriate to deviate from the rules, is our emphasis to be on order or justice?[2] Is uniformity in the application of the rules itself a form of justice? Might our deviation from the rules in some cases but not others be perceived as unjust?

---

[1] Ultimately, the *O.R.* court concluded that the record supported the trial court's conclusion that the father's consent to the adoption of O.R. was not required and that adoption was in the child's best interest and affirmed the trial court's judgment. 16 N.E.3d at 975.

[2] The Court of Appeals has addressed whether extraordinarily compelling reasons exist to restore the forfeited right to appeal under a variety of circumstances. In some cases, we have found extraordinarily compelling reasons and addressed the appeal on the merits. *See Robertson v. Robertson*, 60 N.E.3d 1085, 1090 (Ind. Ct. App. 2016) (order modifying child custody); *Elliott v. Dyck O'Neal, Inc.*, 46 N.E.3d 448, 459 n.7 (Ind. Ct. App. 2015) (Brown, J., dissenting) (garnishment order based on in rem judgment following mortgage foreclosure), *trans. denied* (2016); *Satterfield v. State*, 30 N.E.3d 1271, 1275 (Ind. Ct. App. 2015) (denial of bail); *Morales v. State*, 19 N.E.3d 292, 296 (Ind. Ct. App. 2014) (denial of postconviction relief), *trans. denied* (2015). In others, we have found no extraordinarily compelling reasons. *See Hampton v. State*, No. 88A04-1608-CR-1862, 2017 WL 961895, at *3 (Ind. Ct. App. Mar. 13, 2017) (concluding that direct appeal of probation agreement was forfeited but trial court's subsequent actions were subject to review); *Snyder*, 62 N.E.3d at 459 (dismissing interlocutory appeal in dissolution case); *Blinn*, 19 N.E.3d at 822 (dismissing appeal of small claims judgment). We have also addressed the merits of a forfeited appeal even in the absence of extraordinarily compelling reasons. *See Milbank Ins. Co. v. Ind. Ins. Co.*, 56 N.E.3d 1222, 1228 (Ind. Ct. App. 2016) (declaratory judgment action seeking to determine insurance coverage).

[13] Here, the scant record before us shows that Father receives SSI of $733 per month. However, the Indiana Child Support Guidelines specifically provide that means-tested public assistance programs, including SSI, are excluded from the definition of weekly gross income used to determine a parent's child support obligation. Ind. Child Support Guideline 3(A)(1). "'SSI is a federal social welfare program designed to assure that the recipient's income is maintained at a level viewed by Congress as the minimum necessary for the subsistence of that individual.'" *McGill v. McGill*, 801 N.E.2d 1249, 1252 (Ind. Ct. App. 2004) (quoting *Cox v. Cox*, 654 N.E.2d 275, 277 (Ind. Ct. App. 1995)). "As a matter of law, SSI recipients lack the money or means to satisfy child support obligations." *Id.* (citing *Cox*, 654 N.E.2d at 277); *see also Ward v. Ward*, 763 N.E.2d 480, 482 (Ind. Ct. App. 2002) ("[T]his court has consistently held that SSI recipients, as a matter of law, cannot be held in contempt for failure to comply with child support orders."). Thus, the child support modification order setting Father's child support at $35 per week is on its face in clear violation of the Child Support Guidelines.[3] We conclude that this obvious injustice is an extraordinarily compelling reason to restore Father's forfeited right to appeal and decide the appeal on the merits. Unless and until our supreme court further defines extraordinarily compelling reasons and we can discern its actual elements rather than merely looking at the result, we must

---

[3] There is no evidence of other income or assets in the record in this case.

conclude that a manifestly unjust result constitutes an extraordinarily compelling reason to reach the merits of an otherwise forfeited appeal.

[14] As for the merits of Father's appeal, we have already concluded that the child support modification order is in violation of the Indiana Child Support Guidelines. Accordingly, we reverse and remand for proceedings consistent with this opinion.

[15] Reversed and remanded.

Baker, J., and Barnes, J., concur.