## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 06 2017, 10:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Preeti (Nita) Gupta
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Joshua W. Casselman
Rubin & Levin, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marcos Fernandes a/k/a Marcos Fernandez Individually and d/b/a M&A Auto Wholesale, *Appellant-Defendant,* <br><br> v. <br><br> Automotive Finance Corporation d/b/a AFC Automotive Finance Corporation d/b/a AFC, *Appellee-Plaintiff.* | October 6, 2017 <br><br> Court of Appeals Case No. 49A02-1704-CC-700 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Kimberly D. Mattingly, Magistrate <br><br> Trial Court Cause No. 49D13-1607-CC-25856 |

**Mathias, Judge.**

M&A Auto Wholesale ("M&A") appeals from the trial court's denial of its motion to file a belated appeal.

We affirm.

## Facts and Procedural History

On July 21, 2016, Automotive Finance Corporation ("AFC") filed a complaint against M&A. M&A did not respond. On August 24, AFC filed a motion for default judgment against M&A, which was granted five days later. After learning of the default judgment, M&A appeared by counsel on November 3, and subsequently filed a motion to vacate the default judgment.

The trial court held a hearing on M&A's motion to vacate on February 16, 2017. Following the hearing, the trial court denied the motion, and the default judgment was upheld. On March 27, M&A filed a motion to file a belated appeal. AFC objected, and the trial court denied M&A's motion on April 4.[1] M&A now appeals.

---

[1] We note that the trial court magistrate signed the order denying M&A's motion to file a belated appeal. Our supreme court has explained, "Magistrates may enter final orders in criminal cases, I.C. §§ 33-23-5-5(14), -9(b), but otherwise 'may not enter a final appealable order unless sitting as a judge pro tempore or a special judge.' I.C. § 33-23-5-8(2)." *In re Adoption of I.B.*, 32 N.E.3d 1164, 1173 n.6 (Ind. 2015). There is nothing in the record to indicate that the magistrate was sitting as judge pro tempore or a special judge. Therefore, the April 4 denial is not a final appealable order. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*. However, because neither party has objected, the issue is waived. *Floyd v. State*, 650 N.E.2d 28, 32 (Ind. 1994)

# Discussion and Decision

[5] M&A argues that it should have been permitted to file a belated notice of appeal. We disagree.

[6] Indiana Appellate Rule 9(A)(5) explains, "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2." Here, the notice of appeal was not timely filed, and this case does not involve post-conviction relief.

[7] However, our supreme court has explained that the failure to timely file an appeal "is not a jurisdictional defect depriving the appellate courts of authority to entertain the appeal." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). Therefore, even though the right to appeal is forfeited, "the question [becomes] whether there are extraordinarily compelling reasons why this forfeited right should be restored." *Id.*

[8] M&A contends that it should have been permitted to file a belated appeal because the underlying case "involves several significant issues, including service of process, the application of statutes and contract interpretation."[2] Appellant's Br. at 5. However, these reasons do not rise to the requisite level of

---

[2] M&A also argues that it was "tricked by the way the items [were] listed in the CCS" because entry for the denial of the motion to set aside default judgment was initially listed before the entry for the hearing. Appellant's Br. at 5. This argument would fall under Indiana Trial Rule 72; however, M&A makes no mention of it, and therefore, we will not address it. Ind. Appellate Rule 46 (A)(8)(a); *see also Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) ("It is well settled that we will not consider an appellant's assertion on appeal when he has not presented cogent argument supported by authority and references to the record as required by the rules.").

"extraordinarily compelling" based on case law from our supreme court and this court. *Adoption of O.R.*, 16 N.E.3d at 971.

[9] In *Adoption of O.R.*, our supreme court was confronted with "the constitutional dimensions of the parent-child relationship" when it restored the forfeited right to appeal. *Id.* at 972. The court clarified that it was because of the "unique confluence of a fundamental liberty interest along with one of the most valued relationships in our culture," that influenced the court to decide the case on the merits and reinstate the right to appeal. *Id.* (internal quotations omitted).

[10] In *Cannon v. Caldwell*, we restored a father's forfeited right to appeal where a child support order was in clear violation of the Child Support Guidelines. 74 N.E.3d 255, 258–59 (Ind. Ct. App. 2017). There we explained, "we must conclude that manifestly unjust result constitutes an extraordinarily compelling reason to reach the merits of an otherwise forfeited appeal." *Id.* at 259.

[11] In *Robertson v. Robertson*, we found that due to the "constitutional dimensions of the parent-child relationship," a mother's right to appeal a modified custody order should be reinstated. 60 N.E.3d 1085, 1090 (Ind. Ct. App. 2016). We echoed *Adoption of O.R.* when we noted, "a parent's interest in the custody of his child is a fundamental liberty interest, and the parent-child relationship is one of the most valued relationships in our culture." *Id.*

[12] Finally, in *Satterfield v. State*, we reinstated the right of a defendant to appeal the trial court's denial of his bail. 30 N.E.3d 1271 (Ind. Ct. App. 2015). In that case we explained, "It is the unique confluence of this fundamental liberty interest

along with one of the most valued rights in our culture—the right to bail—that we conclude that [the defendant's] otherwise forfeited appeal deserves a determination on its merits." *Id.* at 1275.

The case before us does not implicate constitutional rights or a fundamental liberty interest. As AFC points out, "This case involves a money judgment arising from business transactions between parties presumed to be commercially sophisticated." Appellee's Br. at 11. Therefore, our review of the record does not reveal the existence of any "extraordinarily compelling reasons" to consider this untimely appeal on the merits, and M&A does not offer any. *Adoption of O.R.*, 16 N.E.3d at 971.

Accordingly, we affirm the trial court.

Vaidik, C.J., and Crone, J., concur.