## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 09 2019, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew L. Kelsey
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin M. L. Jones
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Youth Opportunity Center, Inc.,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Indiana Department of Child Services,<br>*Appellee-Respondent.* | December 9, 2019<br><br>Court of Appeals Case No.<br>19A-MI-1856<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable Marianne L. Vorhees, Judge<br><br>Trial Court Cause No.<br>18C01-1904-MI-635 |

**Bailey, Judge.**

# Case Summary

[1] Youth Opportunity Center, Inc. ("YOC") appeals the trial court order granting the Indiana Department of Child Services's ("DCS") motion for change of venue. However, YOC's appeal is untimely and, therefore, dismissed.

[2] Appeal dismissed.

# Facts and Procedural History

[3] YOC is an outpatient and residential treatment facility located in Muncie. On April 25, 2019, YOC filed in Delaware County a verified petition for judicial review of DCS's final administrative agency action affirming a change in YOC's contract rates with DCS. On May 13, DCS appeared by counsel and filed an "Objection to Venue" in which it requested that venue be changed to Marion County. On May 31, the trial court granted DCS's request and noted "the Indiana Trial Rules will govern the change to the appropriate venue." App. Vol. II at 8. On July 1, YOC filed a document captioned "Petitioner's Motion to Correct Errors," in which it sought a "corrected" order denying DCS's request for change of venue. *Id*. at 99-103. In an order dated July 11, the trial court denied YOC's purported motion to correct error.

[4] On August 12, 2019, YOC filed its notice of appeal of the May 31, 2019, order changing venue. YOC noted that it was appealing "from an interlocutory order, taken as of right pursuant to Appellate Rule 14(A) or 14(D)[,]

specifically, 14(A)(8) transfer of case under Trial Rule 75." Notice of Appeal at 2.

# Discussion and Decision

An order transferring or refusing to transfer a case under Indiana Trial Rule 75 is an interlocutory order. Ind. Trial Rule 75(E). An appeal from such an order is taken as a matter of right by filing a Notice of Appeal with the clerk within thirty days of the entry of the interlocutory order. Ind. Appellate Rule 14(A)(8). While the failure to timely file such an appeal is not a jurisdictional defect, it nevertheless forfeits the right to bring the appeal unless "there are extraordinarily compelling reasons why this forfeited right should be restored." *N.R. v. K.G. & C.G.* ("*In re Adoption of O.R.*"), 16 N.E.3d 965, 971 (Ind. 2014); *see also Snyder v. Snyder*, 62 N.E.3d 455, 458 (Ind. Ct. App. 2016).

As DCS points out, YOC did not appeal the May 31 interlocutory order regarding transfer until August 12, 2019, well beyond the thirty-day deadline to appeal under Appellate Rule 14. YOC concedes in its Reply Brief that its appeal was not timely but contends that there are extraordinarily compelling reasons why we should restore its forfeited right to appeal.[1] We disagree.

---

[1] YOC's July 1 motion captioned "Petitioners' Motion to Correct Errors" did not toll the time period within which YOC was required to file its appeal of the interlocutory order, and YOC wisely does not argue otherwise. *See Snyder*, 62 N.E.3d at 458 (noting a motion to correct error is only proper after the entry of final judgment, and any such motion filed regarding an interlocutory order must be treated as a motion to reconsider, which does not toll the time period within which a party must file a notice of appeal).

[7] As this court recently noted in *Cannon v. Caldwell*, our Supreme Court did not define what it meant in *In re Adoption of O.R.* by "extraordinarily compelling reasons" to restore a forfeited right to appeal. 74 N.E.3d 255, 257 (Ind. Ct. App. 2017). However, we note that the appellate courts have found such extraordinarily compelling reasons where (1) there was an attempt to perfect the appeal and a fundamental right was at issue, *In re Adoption of O.R.*, 16 N.E.3d at 661 n.2 (involving fundamental right to parent/child relationship); *Robertson v. Robertson*, 60 N.E.3d 1085, 1090 (Ind. Ct. App. 2016) (same); *Satterfield v. State*, 30 N.E.3d 1271, 1275 (Ind. Ct. App. 2015) (involving fundamental right to bail); or (2) the case involved an "obvious injustice," such as a violation of child support guidelines that was clear "on the face" of the order, *Cannon*, 74 N.E.3d at 258-59.

[8] Here, we find no such extraordinarily compelling reasons. This dispute regarding venue does not involve a "fundamental right."[2] There is no "obvious injustice" in the trial court's order regarding venue. *Cannon*, 74 N.E.3d at 259. And "providing [court] guidance" regarding proper venue for judicial review cases is not a compelling reason to allow a forfeited appeal to proceed, as YOC maintains.[3] Further, YOC is incorrect when it asserts that failing to hear its

---

[2] Although YOC contends that venue relates to "a fundamental element of justice," it does not claim venue involves a fundamental right, and it cites no supporting authority. Reply Br. at 4.

[3] The cases YOC cites in support of that argument are inapplicable here, as those cases involved only the "question of great public importance" exception to Indiana's mootness doctrine, not an untimely appeal. Reply Br. at 5.

venue appeal now will "waste valuable judicial resources" because YOC will appeal the issue of venue on direct appeal following a final judgment. YOC may not appeal the interlocutory venue order on direct appeal. *See, e.g., Bowyer v. Vollmar*, 505 N.E.2d 162, 167 (Ind. Ct. App. 1987) (noting attempt to challenge interlocutory order on direct appeal "came too late"), *trans. denied*.

[9]     YOC has failed to timely appeal the May 31, 2019, interlocutory order regarding venue. Therefore, we dismiss this appeal.

[10]    Appeal dismissed.


Najam, J., and May, J., concur.