# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI SCHMELTZER**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE MARRIAGE OF CHRISTOPHER )
R. DUCKWORTH and )
ANGELA DUCKWORTH, )
                                      )
ANGELA DUCKWORTH, )
                                      )
         Appellant-Respondent, )
                                      )
         vs. )      No. 29A02-1208-DR-669
                                        )
CHRISTOPHER R. DUCKWORTH, )
                                      )
         Appellee-Petitioner. )

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Daniel J. Pfleging, Judge
The Honorable William P. Greenaway, Magistrate
Cause No. 29D02-0904-DR-507

**May 24, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Angela Duckworth (Mother) appeals the order modifying custody and child support in favor of Christopher Duckworth (Father). Mother argues the trial court abused its discretion when it determined her child support obligation based on the income Father assigned to her on his child support worksheet. As Mother did not submit a child support worksheet or other evidence of her income, we affirm.

## FACTS AND PROCEDURAL HISTORY

Mother and Father were divorced in July 2010, and shared custody of their children, C.D. and I.D. On February 6, 2012, Father filed a Verified Petition for Modification of Decree asking the trial court to grant him sole custody of the children and require Mother to pay child support. After hearing evidence, the trial court granted Father sole custody of Children, subject to Mother's supervised parenting time, and ordered Mother to pay Father $231.00 per week in child support.

## DISCUSSION AND DECISION

We first note Father did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

The trial court *sua sponte* made findings of fact and conclusions of law. In this situation,

the specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial.

We apply the following two-tier standard of review to *sua sponte* findings and conclusions: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility.

*Trust No. 6011, Lake County Trust Co. v. Heil's Haven Condominiums Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012).

Appellate courts give considerable deference to the findings of the trial court in family law matters. *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940-41 (Ind. 2005). We recognize the trial judge "is in the best position to judge the facts, to get a feel for the family dynamics, to get a sense of the parents and their relationship with their children -- the kind of qualities that appellate courts would be in a difficult position to assess." *Id*. Appellate decisions that modify the trial court's decision are especially disruptive in the family law setting. *Id*.

Child support calculations are made utilizing the income shares model set forth in the Indiana Child Support Guidelines. *McGill v. McGill*, 801 N.E.2d 1249, 1251 (Ind. Ct. App. 2004). These Guidelines apportion the cost of supporting children between the parents according to their means. *Id*. A calculation of child support under the Guidelines is presumed valid. *Id*. Therefore, we will not reverse a support order unless the determination

3

is clearly against the logic and effect of the facts and circumstances. *Id.* When reviewing a child support order, we do not assess credibility or re-weigh evidence; we confine our review to the evidence and reasonable inferences therefrom favorable to the trial court's decision. *Id.* Mother challenges the trial court's calculation of child support, claiming the income assigned to her was inaccurate.

> In all cases, a copy of the worksheet which [sic] accompanies these Guidelines shall be completed and filed with the court when the court is asked to order support. This includes cases in which agreed orders are submitted. Worksheets shall be signed by both parties, not their counsel, under penalties of perjury.

Indiana Child Support Guideline 3. In her brief, Mother claims, "There is nothing in the record with respect to Mother's actual and current income, other than the testimony of her current employment status." (Br. of Appellant at 18.) Mother did not submit a child support worksheet indicating her current income. As Mother did not submit any evidence of her income, her complaint about the amount of income assigned is misplaced. *See Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005) ("a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or mistake").

The trial court assigned an income level to Mother that was supported by the only evidence in the record of Mother's income -- the figure assigned by Father on his worksheet. If Mother disagreed with that amount, the time to challenge its accuracy was at trial, not on appeal. We decline to reverse because of an alleged error in the income figure the trial court used to determine her child support obligation. *See Dye v. Young*, 655 N.E.2d 549, 550 (Ind.

4

Ct. App. 1995) (trial court follows Indiana Child Support Guidelines when it orders child support based on income figure listed on Child Support Worksheet). Accordingly, we affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur