# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2020, 9:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Laura A. Raiman
R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald Abner, Jr., <br> *Appellant-Respondent,* <br><br> v. <br><br> Aurora Abner, <br> *Appellee-Petitioner.* | March 31, 2020 <br><br> Court of Appeals Case No. <br> 19A-DC-2123 <br><br> Appeal from the Jackson Superior Court <br><br> The Honorable Bruce A. MacTavish, Judge <br><br> Trial Court Cause No. <br> 36D02-1811-DC-249 |

**Mathias, Judge.**

[1] Ronald ("Husband") and Aurora ("Wife") Abner's marriage was dissolved in Jackson Superior Court. Husband appeals and raises several issues, which we restate as:

I. Whether the trial court abused its discretion when it failed to include Wife's overtime income in its calculation of the parties' respective child support obligations;

II. Whether the trial court abused its discretion when it concluded that Husband's child support arrearage was $300.00;

III. Whether the trial court abused its discretion when it awarded sole legal custody of the children to Wife; and,

IV. Whether the trial court abused its discretion in its valuation of the parties' marital assets.

We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## Facts and Procedural History

The parties were married in 2009 and have two minor children ages eight and six on the date of dissolution. On November 14, 2018, Wife filed a petition to dissolve the marriage in Jackson Superior Court.

Wife and Husband are both employed at a Walmart Distribution Center. Wife is an hourly employee and is eligible to earn overtime. She generally earned overtime in most pay periods. Husband is a salaried employee, and he received an incentive bonus while the dissolution was pending.

The parties' parenting time arrangement varied throughout the proceedings depending on the parties' changing work schedules. On April 16, 2019, the trial court issued a provisional order granting Wife custody of the children, and

Father was awarded parenting time. Father was also ordered to pay $156 per week in child support and one half of the mortgage payment on the marital residence. Father subsequently filed a motion to correct error arguing that the trial court incorrectly calculated his child support obligation. The trial court determined it would address the issue raised in Husband's motion to correct error at the final hearing.

[6] On August 8, 2019, the trial court held the final dissolution hearing. The trial court issued its decree of dissolution on August 28, 2019. Wife was awarded physical and legal custody of the children, and Husband was awarded parenting time consistent with the Parenting Time Guidelines. Husband was ordered to pay $143 per week in child support. The trial court denied Husband's motion to correct the trial court's alleged error in its provisional child support orders.

[7] With regard to division of the marital estate, Wife was awarded the marital residence, and Husband was awarded two other properties owned by the parties. Both parties presented appraisal evidence concerning the value of the properties. The trial court accepted the values proposed by Wife. Each party was awarded certain vehicles and their individual Walmart 401Ks. The trial court ordered Husband to make an equalization payment to Wife in the sum of $11,548.97 via a Qualified Domestic Relations Order. Husband now appeals. Additional facts will be provided as necessary.

# Standard of Review

First, we observe that Wife has not filed an appellee's brief. When the appellee fails to submit a brief, we will not develop an argument on her behalf, but instead, we may reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *GEICO Ins. Co. v. Graham*, 14 N.E.3d 854, 857 (Ind. Ct. App. 2014).

## I. Child Support

Husband claims several errors in the trial court's child support calculation. A trial court's calculation of child support is presumptively valid. *Young v. Young*, 891 N.E.2d 1045, 1047 (Ind. 2008). We will reverse a trial court's decision in child support matters only if it is clearly erroneous or contrary to law. *Id.* A decision is clearly erroneous if it is clearly against the logic and effect of the facts and circumstances that were before the trial court. *Id.*

Husband argues that the trial court's child support calculation is not supported by the evidence because the trial court did not include Wife's overtime income in determining her weekly gross income. Child support calculations are made utilizing the income shares model set forth in the Indiana Child Support Guidelines. *In re Marriage of Duckworth*, 989 N.E.2d 352, 354 (Ind. Ct. App. 2013). These Guidelines apportion the cost of supporting children between the parents according to their means. *Id.* A calculation of child support under the Guidelines is presumed valid. *Id.* Indiana Child Support Guideline 3A(1) provides in part that "weekly gross income" is defined "as actual weekly gross

income of the parent if employed to full capacity, potential income if unemployed or underemployed, and imputed income based upon 'in-kind' benefits" and that "[w]eekly gross income of each parent includes income from any source, except as excluded below, and includes, but is not limited to, income from salaries, wages, commissions, bonuses, overtime, partnership distributions, [and] dividends[.]" *Marshall v. Marshall*, 92 N.E.3d 1112, 1117 (Ind. Ct. App. 2018).

[11] Throughout the proceedings, Wife generally earned overtime income during most pay periods. She earned almost $5000 in overtime income from December 2018 to July 2019. Although the trial court included Husband's bonus in its child support calculation, the trial court did not consider Wife's overtime income in its child support calculation. We agree with Husband that the trial court erred when it failed to consider Wife's overtime income in its calculation of her weekly gross income when it determined the parties' relative child support obligations.

[12] Next, Husband argues that the trial court abused its discretion when it concluded that his child support arrearage was $300. Specifically, he claims the erroneous arrearage is the result of the trial court's incorrect calculation of his provisional child support obligation. He argues that the trial court miscalculated his number of overnights and his health insurance credit. Husband also contends that the trial court should not have awarded Wife a childcare credit because third-party childcare was not necessary during the proceedings.

[13] Husband's argument with regard to the provisional child support calculation and arrearage is simply a request to reweigh the evidence. Husband and Wife gave conflicting testimony concerning the number of overnights Husband exercised with the children. The parties also gave conflicting testimony concerning Wife's need for childcare. The parties presented conflicting evidence concerning Husband's health insurance premium and the amount of that premium that should be considered in the child support calculation. The trial court credited Wife's testimony and evidence, and our court will not reweigh that determination on appeal.

[14] In the trial court's April 16, 2019, provisional order, the trial court determined that Husband's child support arrearage was $1370. Appellant's App. p. 87. And Husband's child support obligation was $156 per week. Between April 16, 2019, and August 7, 2019, Husband owed $2496 in child support, and he paid $3562. Therefore, his remaining arrearage was $304. Accordingly, the trial court did not abuse its discretion when it ordered Husband to pay $300 for his child support arrearage.

## II.  Child Custody

[15] The trial court's decisions regarding child custody are reviewed only for an abuse of discretion. *Purnell v. Purnell*, 131 N.E.3d 622, 627 (Ind. Ct. App. 2019) (citing *Sabo v. Sabo*, 858 N.E.2d 1064, 1068 (Ind. Ct. App. 2006)), *trans. denied*. There is a well-established preference in Indiana for granting latitude and deference to trial judges in family law matters. *Id.* (citing *Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016)). Appellate deference to the determinations of trial

court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face to face, often over an extended period of time. *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011). Importantly, because our trial judges are required to assess credibility and character through both factual testimony and intuitive discernment, judges are "in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children." *Id.*

[16]     Indiana Code section 31-17-2-8 provides in relevant part:

> The court shall determine custody and enter a custody order in accordance with the best interests of the child. In determining the best interests of the child, there is no presumption favoring either parent. The court shall consider all relevant factors, including the following:
>
> (1) The age and sex of the child.
>
> (2) The wishes of the child's parent or parents.
>
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
> (4) The interaction and interrelationship of the child with:
>
>> (A) the child's parent or parents;
>>
>> (B) the child's sibling; and
>>
>> (C) any other person who may significantly affect the child's best interests.
>
> (5) The child's adjustment to the child's:

(A) home;

(B) school; and

(C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

A trial court may award joint legal custody if it finds that joint legal custody is in the best interest of the child. Ind. Code § 31-17-2-13. Section 31-17-2-15 sets forth the matters a trial court is required to consider in determining whether joint legal custody is in the best interests of the child:

> [T]he court shall consider it a matter of primary, but not determinative, importance that the persons awarded joint custody have agreed to an award of joint legal custody. The court shall also consider:
>
> (1) the fitness and suitability of each of the persons awarded joint custody;
>
> (2) whether the persons awarded joint custody are willing and able to communicate and cooperate in advancing the child's welfare;
>
> (3) the wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age;
>
> (4) whether the child has established a close and beneficial relationship with both of the persons awarded joint custody;
>
> (5) whether the persons awarded joint custody:
>
> > (A) live in close proximity to each other; and

(B) plan to continue to do so; and

(6) the nature of the physical and emotional environment in the home of each of the persons awarded joint custody.

[18] The parties did not agree to joint legal custody. Husband argues that the trial court abused its discretion when it awarded sole legal custody of the children to Wife because he has maintained an "equal parental contribution in the children's lives" since the parties separated. Appellant's Br. at 19. He also claims that the parties have agreed to work together to raise the children. Finally, Husband notes that the trial court did not determine that awarding sole legal custody to Wife was in the children's best interests.[1]

[19] Husband has been involved in caring for the children. But Wife makes the decisions regarding the children's attendance at church, medical care, and school. The parties generally agreed on these issues. Wife testified that Husband does not communicate with her. There were also occasions during these proceedings where Husband refused to allow the children to communicate with Wife while the children were in Husband's care.

[20] Throughout the proceedings, Wife raised concerns that Husband was continuing to use steroids and drink excessively, as had been his practice throughout their marriage. During the proceedings, Husband was ordered to

---

[1] Neither party requested Trial Rule 52 findings of fact and conclusions of law in this case. Moreover, a trial court is presumed to know and follow the applicable law. *See Hamilton v. Hamilton*, 132 N.E.3d 428 (Ind. Ct. App. 2019).

abstain from drinking twenty-four hours before and while the children were in his care. He violated the order on at least one occasion. Husband also publicly posted a picture of himself with the children where he was buried in sand at the beach but had an item protruding from his groin area. And shortly after the parties' separated, Husband began residing with his girlfriend, who is approximately twenty years his junior, and her infant child.

[21] It was within the province of the trial court to weigh the parties' evidence while considering the factors enumerated in Indiana Code section 31-17-2-15. We cannot conclude that the trial court abused its discretion when it awarded sole legal custody of the children to Wife.

### III. Division of the Marital Estate

[22] The division of marital property is within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Love v. Love*, 10 N.E.3d 1005, 1012 (Ind. Ct. App. 2014). We will reverse a trial court's division of marital property only if the result is clearly against the logic and effect of the facts and circumstances, including the reasonable inferences to be drawn therefrom. *Luttrell v. Luttrell*, 994 N.E.2d 298, 301 (Ind. Ct. App. 2013), *trans. denied*. When we review a claim that the trial court improperly divided marital property, we consider only the evidence most favorable to the trial court's disposition of the property without reweighing evidence or assessing witness credibility. *In re Marriage of Marek*, 47 N.E.3d 1283, 1287–88 (Ind. Ct. App. 2016), *trans. denied*. "Although the facts and reasonable inferences might allow

for a conclusion different from that reached by the trial court, we will not substitute our judgment for that of the trial court." *Id.* at 1288.

[23] Husband complains that the trial court adopted Wife's valuation of the three parcels of real estate owned by the parties "without explanation." Appellant's Br. at 21. But there was appraisal evidence from both parties concerning the value of those properties, and it was within the trial court's discretion to accept Wife's proposed valuations. Generally, there is no abuse of discretion if a trial court's chosen valuation is within the range of values supported by the evidence. *Del Priore v. Del Priore*, 65 N.E.3d 1065, 1076 (Ind. Ct. App. 2016), *trans. denied*. "A valuation submitted by one of the parties is competent evidence of the value of property in a dissolution action and may alone support the trial court's determination in that regard." *Id.* (citing *Alexander v. Alexander*, 927 N.E.2d 926, 935 (Ind. Ct. App. 2010), *trans. denied*).

[24] Husband also argues that the trial court abused its discretion when it adopted Wife's proposed values for the parties' three vehicles because Wife did not know how those proposed values were calculated. First, the parties' proposed values for Husband's Chevy Silverado were $4450 and $5000. Given the slight disparity between the two values, we cannot conclude that the trial court abused its discretion when it valued the Silverado at $5000. With regard to the other two vehicles, neither party presented evidence beyond their respective opinions of the vehicles' worth. Husband claims his values were based on the Kelley Blue Book, but that evidence is not in the record. For this reason, we

cannot conclude that the trial court abused its discretion when it credited Wife's opinion of the value of the vehicles.[2]

[25] Finally, Husband argues that the trial court abused its discretion when it failed to value the parties' personal property. As with their vehicles, the only evidence presented concerning the value of the personal property that each party retained from the marital estate was minimal and speculative. Both parties testified that they kept certain items such as televisions, appliances, and furniture. Given the lack of evidence of the personal property retained by each party and/or the value of that property, we cannot conclude that the trial court abused its discretion when it failed to value and divide that property in its order dissolving the marital estate.

## Conclusion

[26] In his appeal of the trial court's dissolution order, Husband has requested that our court reweigh the evidence and credibility of witnesses, which our court will not do. However, Husband established reversible error in the trial court's calculation of the parties' respective child support obligations because the court failed to include Wife's overtime income in its calculation.

---

[2] The trial court found that the parties' fourteen-year-old Chevrolet Trailblazer had a value of $500. Although the vehicle runs, Wife testified that it had 220,000 miles and it was not worth more than $500. Final Hearing Tr. p. 44. Wife also owned the 2006 Jeep Commander prior to the marriage.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

Kirsch, J., and Bailey, J., concur.